[Civ. No. 54778. Second Dist., Div. Four. Apr. 6, 1979.]

COMMERCIAL AND FARMERS NATIONAL BANK,
Plaintiff, Cross-defendant and Appellant, v.
ROBIN A. EDWARDS, Defendant, Cross-Complainant
and Appellant;
JOE WRENNALL, Cross-defendant and Appellant.

**COUNSEL**

Cohen, England, Whitfield & Osborne and Robert A. McSorley for Plaintiff, Cross-defendant and Appellant and for Cross-defendant and Appellant.

Brian R. Meek for Defendant, Cross-complainant and Appellant.

**OPINION**

**FILES, P. J.**—Pending here are appeals by opposing parties arising out of the same superior court action. Each side has moved to dismiss the other's appeal. These motions require us to decide (a) the timeliness of defendant's appeal from a postjudgment order denying attorney fees under Civil Code section 1717 and (b) the applicability of rule 3(c), California Rules of Court, to plaintiff's subsequent appeal from the judgment.

We have concluded that defendant has taken a timely appeal from a postjudgment order, and that rule 3(c) did not reopen plaintiff's time for appealing from the judgment.

To confirm our understanding of the facts, as stated in the motions, we have examined the superior court file, of which we take judicial notice.

Commercial and Farmers National Bank (hereinafter Bank) brought an action on a promissory note against Robin A. Edwards, who cross-complained against Bank and Joe Wrennall for damages on a theory of conversion. After a jury trial, a verdict was rendered and judgment entered on July 28, 1978, on the complaint in favor of defendant and against Bank; and on the cross-complaint Edwards was awarded $532.60. Notice of entry of this judgment was mailed by the clerk of the court on August 1, 1978. On August 8, 1978, Bank filed motions for judgment notwithstanding the verdict and for new trial, which were denied by the trial court September 1, 1978. At the hearing on September 1, 1978, the defendants made a motion for attorneys' fees, which was also denied.[1] On October 3, 1978, defendant Edwards filed a

---

[1]The trial court's minutes for July 26, 1978, and corrected minute order dated October 11, 1978, pertaining to the first day of trial show the following: "Out of the presence of the jury: pursuant to stipulation, the court orders, in the event the plaintiff or the

notice of appeal from the portion of the trial court's September 1, 1978, order which denied his motion for attorney's fees. On October 6, 1978, a notice of appeal was filed on behalf of Bank and Wrennall appealing from the judgment adverse to Bank on the complaint and adverse to both on the cross-complaint.

*Edwards' appeal from the order denying attorney fees.*

■ Edwards' motion for attorney's fees was based on Civil Code section 1717.[2] The prevailing party's right to attorney's fees under that section is a statutory right, and for that reason the recovery is classified as part of the costs. (See *T.E.D. Bearing Co.* v. *Walter E. Heller & Co.,* 38 Cal.App.3d 59, 64 [112 Cal.Rptr. 910]; *Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc.* (1973) 33 Cal.App.3d 116, 120 [108 Cal.Rptr. 782].) Thus in *Beneficial Standard Properties, Inc.* v. *Scharps* (1977) 67 Cal.App.3d 227 [136 Cal.Rptr. 549], the court held that one entitled to attorney's fees under Civil Code section 1717 as the "prevailing party" in an action could properly claim such attorney's fees as an item of costs and was not required to plead attorney's fees as special damages in order to recover them. An order determining costs is separately appealable under Code of Civil Procedure section 904.1, subdivision (b), as an order after judgment. (*City of Los Angeles* v. *Aalbers* (1977) 67 Cal.App.3d 80, 82 [136 Cal.Rptr. 396].)[3]

The time for appeal from the September 1, 1978, order denying attorney's fees was governed by rule 2(a), which allowed 60 days from notice of entry.[4] Thus the notice of appeal filed October 3, 1978, was timely and Bank's motion to dismiss must be denied.

---

defendant is the prevailing party, the issue of attorney's fees shall be determined by the court following trial."

[2] Civil Code section 1717 provides, in part, as follows: "In any action on a contract, where such contract specifically provides that attorney fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements."

[3] In *Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc., supra,* 33 Cal.App.3d 116 at page 120, the court stated that an order denying attorney fees claimed under section 1717 was "appealable as a final determination on a collateral matter, severable from the general subject of the litigation." We need not discuss the merits of that classification, since the result is not inconsistent with what we decide here.

[4] Rule 2(a), California Rules of Court: "Except as otherwise specifically provided by law, notice of appeal shall be filed within 60 days after the date of mailing notice of entry of judgment by the clerk of the court pursuant to section 664.5 of the Code of Civil Procedure, or within 60 days after the date of service of written notice of entry of judgment by any party upon the party filing the notice of appeal, or within 180 days after

*Bank and Wrennall's appeal from the judgment on the complaint and cross-complaint.*

That judgment was entered on July 28, 1978, and notice of entry of judgment was mailed by the clerk August 1, 1978. Bank's and Wrennall's notice of appeal was filed on October 6, 1978, 66 days after the date of mailing notice of entry of judgment by the clerk of the court, and 35 days after the entry of the trial court's order denying Bank's motions for judgment notwithstanding the verdict and for a new trial.

It thus appears that the notice was not timely under rule 2 (a). Neither was it within the extended time provided in rule 3(a) when a motion for a new trial has been made.[5] That extension expired 30 days after the denial of the motion.

Bank and Wrennall contend their appeal was timely as a cross-appeal under the extension provision of rule 3(c) which became effective January 1, 1971. It provides as follows: "When a timely notice of appeal is filed under subdivision (a) of rule 2, or under subdivision (a) or (b) of rule 3, any other party may file a notice of appeal within 20 days after mailing of notification by the superior court clerk of such first appeal or within the time otherwise prescribed by the applicable subdivision, whichever period last expires. If a timely notice of appeal is filed from an order granting a motion for a new trial or granting, within 150 days after entry of judgment, a motion to vacate the judgment or to vacate judgment and enter another and different judgment, any party other than the appellant, within 20 days after mailing of notification by the superior court clerk of such appeal, may file a notice of appeal from the judgment or from an order denying a motion for judgment notwithstanding the verdict, and on that appeal may present any question which he might have presented on an appeal from the judgment as originally entered, or from the order denying a motion for judgment notwithstanding the verdict."

Some history will illuminate the purpose of subdivision (c). Subdivisions (a) and (b) of rule 3, which were in effect long before 1971, allowed

---

the date of entry of the judgment, whichever is earliest, unless the time is extended as provided in rule 3."

[5]Rule 3(a), California Rules of Court: "When a valid notice of intention to move for a new trial is served and filed by any party, and the motion is denied, the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after either entry of the order denying the motion or denial thereof by operation of law, but in no event may such notice of appeal be filed later than 180 days after the date of entry of the judgment whether or not the motion for new trial has been determined."

both sides to await the trial court's ruling on a motion for a new trial or a motion to vacate before electing whether to appeal from the judgment. But those provisions did not meet one other practical problem which is explained by Mr. Witkin: "A party often is willing to let a judgment stand, even though it is subject to challenge for error, rather than go through the effort and expense of appeal. But if the adverse party appeals, the other party may also wish to appeal and present his own grounds for reversal. The difficulty is that the adverse party may file his notice of appeal on or near the last day, and the other party cannot file his own appeal in time. (See 32 A.L.R.3d 1290.) The only thing he could do under the original rules was file a precautionary notice of his own in all cases in which he could possibly anticipate an appeal by the adverse party. This choice between lost rights on appeal or wasted effort in filing notices which were ordinarily not intended to be pursued was most unsatisfactory, and the Judicial Council, acting on suggestions from the State Bar, adopted a remedial rule in 1970." (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 354, pp. 4326-4327.)

The contention of Bank and Wrennall is that when Edwards filed his notice of appeal from the order denying attorney fees, the first sentence of rule 3(c) gave them a new 20-day period within which to appeal from the judgment. This contention must fail because the first sentence of subdivision (c) only reopens the time for another appeal from the same order or judgment as the first appeal. Both the structure of rule 3, and the purpose of the 1970 amendment indicate this is the proper interpretation.

The second sentence of subdivision (c) defines a special situation in which a party may take a cross-appeal from a judgment or order other than the order from which the first appeal was taken. That language would have been unnecessary if the first sentence had been intended to reopen the time for appealing from a judgment or order other than the one from which the first appeal had been taken.

If the courts were, to adopt the interpretation urged by Bank and Wrennall—that the filing of an appeal from a postjudgment order reopens the time for appealing from the judgment—the finality of judgments would be undermined significantly. Code of Civil Procedure, section 904.1, subdivision (b), makes appealable any "order made after a judgment made appealable by subdivision (a)." Orders in that category may be made many years after the judgment has become final, for example, an order dealing with enforcement. (See Witkin, op.cit. supra, § 82, p. 4093.) An appeal from an order denying a motion to quash

execution should not reopen the time for appealing from the judgment. No such drastic impairment of the finality principle could have been intended.

The appeal of Edwards from the postjudgment order of September 1, 1978, did not reopen the time allowed Bank and Wrennall to appeal from the judgment entered July 28, 1978.

Commercial and Farmers National Bank's motion to dismiss the appeal of Robin A. Edwards is denied. The appeal of Commercial and Farmers National Bank and Joe Wrennall is dismissed.

Jefferson (Bernard), J., and Alarcon, J., concurred.