[No. B073048. Second Dist., Div. Seven. Sept. 27, 1994.]

FUNDAMENTAL INVESTMENT GROWTH SHELTER REALTY FUND I-1973, Plaintiff and Appellant, v.
GEORGE S. GRADOW, Defendant and Appellant.

968

## COUNSEL

William Gerald Dunn for Plaintiff and Appellant.

Gustlin, Golob & Bragin, Ronald A. Bragin, Glenn D. Hamovitz and Susan M. Freedman for Defendant and Appellant.

## OPINION

**JOHNSON, J.**—The primary issue raised in defendant's appeal is whether costs awarded after a successful appeal were properly considered pre-offer costs in determining whether the plaintiff received a more favorable result at trial after rejecting an offer of settlement pursuant to Code of Civil Procedure section 998. We affirm the trial court's finding those costs should be included in determining plaintiff's net recovery in this case. We dismiss plaintiff's appeal as untimely.

### FACTS AND PROCEEDINGS BELOW

In 1982, Fundamental Investment Growth Shelter Realty Fund I-1973, a California limited partnership (plaintiff) and its general partner, Donald R. Dunn, filed an action against the former general partner, George S. Gradow (defendant), and two corporations which he controlled, Trafalgar Management Company and Churchill Group Ltd. Plaintiff's complaint alleged causes of action for breach of contract, breach of fiduciary duty, fraud, concealment, intentional misrepresentation and conversion.

In 1990 this court reversed a summary judgment in favor of defendant and awarded costs to plaintiff as the prevailing party on appeal. Later proceedings in the trial court determined plaintiff's costs on appeal were $4,153.53. Plaintiff prepared an order which required defendant to pay those costs "forthwith." Defendant opposed the order and argued payment of those costs

should await the final outcome of the trial. The trial court apparently agreed and refused to include in its order any specific time for payment of plaintiff's costs on appeal.

In June 1991, defendant made an offer of settlement pursuant to Code of Civil Procedure section 998.[1] Defendant's offer was for $80,000. The offer also required "each party to bear their own costs and attorneys' fees incurred to date of Judgment." Plaintiff did not accept defendant's offer of settlement.

The matter was tried before a jury in June 1992. During trial the court granted the corporate defendants' motion for judgment of nonsuit. In addition, plaintiff's current general partner, Donald R. Dunn, was dismissed as a party plaintiff.

In July 1992 the jury rendered its verdict in favor of plaintiff and awarded damages in the amount of $71,000.

Defendant filed a memorandum of costs and requested $33,287.63. Similarly, plaintiff filed its memorandum of costs requesting costs of $16,612.96. Thereafter, each side filed numerous motions to tax or strike the other side's costs.

At a continued hearing, the trial court reviewed and analyzed each contested cost item. On defendant's motion to strike and tax costs, the court struck or reduced certain items on plaintiff's cost bill and allowed the remaining costs of $15,348.41.

To rule on plaintiff's motion to strike and/or tax defendant's costs, the trial court had to first determine whether plaintiff was the prevailing party for the purpose of the section 998 offer. The court found plaintiff had incurred costs of $10,090.45 prior to defendant's settlement offer on June 24, 1991. The court added this amount to the $71,000 verdict and determined the combined sum exceeded the $80,000 offer. The court found plaintiff had not failed to obtain a more favorable judgment than the offer and further found it was the prevailing party for purposes of determining costs. It therefore struck defendant's memorandum of costs and ordered plaintiff's motion to tax costs off calendar as moot.

The court specifically found plaintiff's cost bill on appeal dated December 1990, totalling $4,153.53, qualified as an item required to be awarded to the

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

prevailing party pursuant to statute as an incident to prevailing in the action on appeal (§ 1033.5, subd. (a)(13)). The court reasoned, because this amount was unpaid on the date of defendant's offer pursuant to section 998 which excluded costs, and remained unpaid, this item was properly considered a pre-offer cost in determining whether plaintiff received a better result than the offer.

Defendant appeals from the court's postjudgment order denying in part its motion to strike and tax plaintiff's costs and granting plaintiff's motion to strike his costs.

I. *In This Case the Trial Court Properly Included Plaintiff's Costs on Appeal to Determine Whether It Had Been the Prevailing Party at Trial.*

On appeal a judgment or order of the trial court is presumed correct. All intendments and presumptions are indulged in to support it on matters as to which the record is silent. The burden of affirmatively demonstrating error is on the appellant. This is a general principle of appellate practice as well as an ingredient of the constitutional doctrine of reversible error. (*Walling* v. *Kimball* (1941) 17 Cal.2d 364, 373 [110 P.2d 58].) We review the trial court's order with these principles in mind.

Section 998 provides in pertinent part:

"(a) The costs allowed under Sections 1031 and 1032 shall be withheld or augmented as provided in this section.

"(b) Not less than 10 days prior to commencement of trial, any party may serve an offer in writing upon any other party to the action to allow judgment to be taken *in accordance with the terms and conditions stated at that time.*

". . . . . . . . . . . . . . . . . . . . . .

"(c) If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment, the plaintiff shall not recover his or her costs and shall pay the defendant's costs from the time of the offer. . . ." (Italics added.)

By the express terms of the offer plaintiff would receive $80,000 and would not be entitled to recover any prejudgment costs or attorney fees. Thus, the "terms and conditions" of the offer required an analysis of plaintiff's pre-offer costs to determine whether it in fact achieved an overall

better result. After granting some of defendant's requests to strike or tax costs, the court found plaintiff had incurred $10,090.45 in unreimbursed pre-offer costs, which when added to the $71,000 damage award, exceeded defendant's offer of $80,000 by $1,090.45. Thus, the court concluded plaintiff had not failed to obtain a more favorable result than the offer.

■ Defendant disputes this finding. He claims the award of $4,153.53 for plaintiff's costs on appeal must be excluded from plaintiff's pre-offer costs. He contends an award of costs on appeal is an independent and separately enforceable judgment in its own right and therefore cannot be treated as a pre-offer cost. In support of his position defendant relies on the decisions in *First Nat. Bank* v. *Stansbury* (1931) 214 Cal. 190 [5 P.2d 11, 78 A.L.R. 358], *Supera* v. *Moreland Sales Corp.* (1938) 28 Cal.App.2d 517, 520-521 [82 P.2d 963], and *O'Hare* v. *Peacock Dairies, Inc.* (1938) 28 Cal.App.2d 562, 564 [82 P.2d 1112].

These decisions do not aid defendant. *First Nat. Bank* v. *Stansbury* merely stands for the proposition a successful party on appeal has the right to execute on its award of costs on appeal even before the underlying case is decided. According to the *Stansbury* court, a successful litigant on appeal may immediately enforce an award of costs on appeal because "[t]here is no interdependence between the judgment for costs of the former appeal and any judgment which may subsequently be entered in the main case." (214 Cal. at p. 192.) The decisions in *Supera* and *Peacock Dairies* are to the same effect.

These decisions do not hold costs on appeal may never be considered as costs of suit. Nor did these decisions hold the exclusive manner for realizing on an award of costs on appeal is through proceedings distinct from the main litigation in the trial court. Instead these decisions hold an award of costs on appeal is independent from the final judgment in the case and therefore may be enforced, if desirable or necessary, as a separate judgment. (See also Cal. Rules of Court, rule 26(d) [award of costs on appeal *"may* be enforced in the same manner as a money judgment"], italics added.)

Moreover, defendant's suggestion costs on appeal may never be considered as an item of costs in reviewing awards under section 998 runs counter to the controlling statutes which specify which items are allowable as costs.

Section 1033.5 specifies those items which are allowable as costs under section 1032 for purposes of determining prevailing party status.[2] Subdivision (a)(13) of section 1033.5 specifies costs awarded on appeal are allowable as costs in the trial court. This subdivision provides: "Any other item that is required to be awarded to the prevailing party pursuant to statute as an incident to prevailing in the action at trial *or on appeal*." (Italics added.) Rule 26(a) of the California Rules of Court specifies the "prevailing party shall be entitled to costs on appeal as an incident to the judgment on appeal." Thus, these provisions recognize costs awarded on appeal may be considered as a proper item of costs for determining prevailing party status under sections 1032 and 998.

This is not to say costs awarded on appeal should always be included in determining whether a party received a net monetary recovery under section 1032. Certainly it would be improper to allow a party to claim an award of costs on appeal as pre-offer or prejudgment costs if the losing party on appeal had already paid those costs. However, this circumstance was not present in the case at bar.

Defendant's own actions in this case prevented plaintiff from realizing earlier on its award of costs on appeal. On remand from the appellate court, plaintiff sought an order requiring defendant to pay the cost award "forthwith." Defendant objected to this provision claiming there was no authority for requiring costs on appeal to be paid before entry of judgment. Defendant now concedes it erroneously convinced the trial court such costs were dependent upon, and therefore should await, the final outcome of trial. Thus, when plaintiff received defendant's offer of settlement which excluded pre-offer costs, plaintiff reasonably believed, and the trial court found, the offer expressly excluded the cost award on appeal as well. We agree the facts of this case justify inclusion of plaintiff's costs on appeal in the calculation of its pre-offer costs.

Defendant next suggests the difference in the procedures for securing costs indicates an intent to treat costs on appeal separate and distinct from costs at trial. This argument is without merit. Although the items allowable as costs to the prevailing party on appeal differ from those allowed at trial (cf. § 1033.5, with Cal. Rules of Court, rule 26(c)), the *procedure* to be followed to receive or to tax those costs in both instances is governed by rule

---

[2]Section 1032 provides in pertinent part:

"(a) As used in this section, unless the context clearly requires otherwise: [¶] (4) 'Prevailing party' includes the party with a net monetary recovery, . . .

"(b) Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding. . . ."

870 of the California Rules of Court. Moreover, as noted, section 1033.5, subdivision (a), which specifies those items allowable as costs in the trial court, expressly includes costs awarded to the prevailing party as an incident to prevailing in the action on appeal. Those pre-offer costs, in turn, are those which may properly be considered in determining whether a plaintiff received a more favorable judgment than a defendant's section 998 offer. (*Kelly* v. *Yee* (1989) 213 Cal.App.3d 336, 342 [261 Cal.Rptr. 568]; *Bennett* v. *Brown* (1963) 212 Cal.App.2d 685 [28 Cal.Rptr. 485].)

In sum, analysis of the terms of the offer in this case and simple mathematics demonstrate the court's conclusion was correct in this case. The court found the terms of the offer excluded payment of plaintiff's costs on appeal. For this reason and because these costs remained unpaid, plaintiff's costs on appeal were properly considered in determining whether it received a more favorable judgment than defendant's section 998 offer.[3]

## II. *The Trial Court Did Not Err in Failing to Apportion Costs.*

■ Defendant contends the trial court erred in failing to award costs in favor of defendants Trafalgar Management Company and Churchill Group Ltd., which were granted judgments of nonsuit, and against plaintiff Donald R. Dunn, who was dismissed as a party plaintiff.

Under section 1032, subdivision (a)(4), a "prevailing party" includes "a defendant in whose favor a dismissal is entered, . . . and a defendant as against those plaintiffs who do not recover any relief against that defendant." That provision also allows a trial court in its discretion to "apportion costs between the parties on the same or adverse sides. . . ." (§ 1032, subd. (a)(4).)

We find no abuse of discretion in the court's failure to apportion costs in this case. Aside from a blanket assertion the dismissed defendants were entitled to an award of costs and all defendants were entitled to costs based on the dismissal of Dunn as a party plaintiff, defendant did not request any specific apportionment of costs in the trial court. Defendant's cost memorandum did not differentiate between costs for Gradow's defense, as distinguished from costs expended on behalf of the corporate defendants. In other words, defendant made no attempt in the trial court to specify which costs pertained to which defendant. A reasonable inference from defendant's

---

[3]Because we conclude the trial court did not err in finding plaintiff was the prevailing party at trial for purposes of sections 1032 and 998, we further conclude there was no error in striking defendant's request for costs.

omission is there was no basis in fact to distinguish between the three defendants and that their interests and identities were coextensive.

In any event, because defendant provided no factual basis for apportioning costs, we find no abuse of discretion in the court's failure to do so sua sponte.

III.  *It Was Not an Abuse of Discretion to Allow as Costs the $120 Transfer Fee.*

This action was originally filed in Fresno County. Defendant resided out of state. However, some of the properties involved were located in Fresno and one of the key witnesses resided in Fresno. This person later moved and defendant requested a change of venue to Los Angeles County to which plaintiff agreed. The costs and fees for the transfer were $120. The trial court treated this cost as a filing fee and included it as an item of plaintiff's cost.

Defendant contends the transfer fee should not have been allowed as an item of cost. He argues under section 399 a plaintiff is required to absorb any costs associated with transfer of venue.

Section 399 provides in pertinent part, ". . . [w]hen the transfer is sought solely, or is ordered, because the action or proceeding was commenced in a court other than that designated as proper by this title, such costs and fees (including any expenses and attorney's fees awarded defendant pursuant to Section 396b) shall be paid by the plaintiff before such transfer is made; . . ." This section, however, specifies any person may pay the transfer fees and costs, and if a person other than the plaintiff in fact pays such costs to transfer the matter, that person is entitled to recover those costs and fees whether or not he or she prevails at trial. However, in the situation where the plaintiff did not pay the transfer costs and fees but prevails at trial, "the same shall be offset against and deducted from the amount, if any, awarded the plaintiff. . . ." (§ 399.)

Defendant's analysis does not withstand scrutiny. Contrary to defendant's interpretation, section 399 does not provide a plaintiff may never be reimbursed for its costs of transfer, even where it pays the fee itself, or even if the initial venue was otherwise proper. Section 399 merely provides a plaintiff must absorb the cost of transfer in the event someone other than the plaintiff is required to pay the costs and fees to have the matter transferred from an improper court to the proper court.

However, in this case plaintiff paid the transfer fee. Consequently there was no need for plaintiff to reimburse anyone. (§ 399 [See historical note to

1933 amend. to § 399 adding the language regarding "reimbursement."].) Nor does section 399 provide a statutory basis to deduct that amount from the judgment in its favor where defendant does not claim the original venue was improper and where plaintiff paid the fees and costs itself.

Accordingly, we find no error.

IV. *The Cross-appeal Is Untimely.*

Prior to briefing in this case, defendant moved to dismiss plaintiff's appeal from the judgment. We deferred ruling on the motion until review of the entire cause. We now grant defendant's motion and dismiss plaintiff's appeal as untimely.

The judgment in this case was entered on July 15, 1992. Defendant served plaintiff with a notice of entry of judgment on July 29, 1992. Thus, under the California Rules of Court, rule 2(a), plaintiff had 60 days from July 29, 1992, or until late September, to file a notice of appeal from the judgment.

In August 1992, plaintiff filed motions to vacate the judgment and for new trial. The trial court denied both motions on September 25, 1992.

On November 6, 1992, the trial court found plaintiff was the prevailing party and entered its order granting plaintiff costs of $15,348.41. On December 14, 1992, defendant filed a notice of appeal to challenge the court's award of costs to plaintiff. This order made after judgment is a separately appealable judgment. (*Lakin* v. *Watkins Associated Industries* (1993) 6 Cal.4th 644, 654 [25 Cal.Rptr.2d 109, 863 P.2d 179]; *Commercial & Farmers Nat. Bank* v. *Edwards* (1979) 91 Cal.App.3d 699, 703 [154 Cal.Rptr. 345]; § 904.1, subd. (b) [order made after an appealable judgment is itself appealable].)

Thereafter, on December 17, 1992, plaintiff filed a notice of appeal from the judgment and from the trial court's order denying its motions to vacate and for new trial.

Plaintiff agrees its notice of appeal cannot be deemed timely filed under rule 2 of the California Rules of Court because more than 60 days elapsed after service of the notice of entry of judgment.

Nor can plaintiff claim its notice of appeal from the judgment was timely under rule 3(a) or (b) of the California Rules of Court. These subsections of rule 3 extend the time for filing a notice of appeal from a judgment until 30

days after entry of an order denying a motion to vacate or denying a motion for new trial. Plaintiff's motions to vacate and for new trial were denied on September 25, 1992. Thus the time for filing a notice of appeal from the judgment as extended by rule 3(a) or (b) elapsed in October 1992. Plaintiff, however, filed its notice of appeal in December 1992.

■ Instead plaintiff argues its appeal should be considered a cross-appeal and therefore timely under rule 3(c) of the California Rules of Court.

Rule 3(c) of the California Rules of Court provides when one party files a timely notice of appeal any other party may file a cross-appeal within 20 days of notice of the filing of the notice of appeal.[4] Both sides agree plaintiff filed its notice of appeal within 20 days after notice of the first appeal.[5] However defendant contends plaintiff's appeal from the judgment may not properly be considered a cross-appeal because it exceeds the scope, and does not relate in any manner, to the postjudgment order which from it timely appealed. Consequently, defendant argues, because plaintiff failed to timely file a notice of appeal from the judgment, this court lacks jurisdiction to consider the merits of plaintiff's purported cross-appeal, which only concerns the separately appealable underlying judgment. (See, e.g., *Fish* v. *Guevara* (1993) 12 Cal.App.4th 142, 147-148 [15 Cal.Rptr.2d 329].)

Defendant's argument has merit. This very situation was discussed in *Commercial & Farmers Nat. Bank* v. *Edwards, supra*, 91 Cal.App.3d 699. In that case the defendant made a postjudgment motion for attorney fees. This motion was denied. The defendant filed a timely notice of appeal to challenge the denial of his motion for fees. Sixty-seven days after the notice of entry of judgment was served, plaintiffs filed a notice of appeal from the underlying judgment.

On appeal plaintiffs argued their notice of appeal was timely as a cross-appeal under rule 3(c) of the California Rules of Court because it was filed

---

[4]Rule 3 of the California Rules of Court provides in pertinent part: "(c) [Cross appeal] When a timely notice of appeal is filed . . . , any other party may file a notice of appeal within 20 days after mailing of notification by the superior court clerk of such first appeal or within the time otherwise prescribed by the applicable subdivision, whichever period last expires. If a timely notice of appeal is filed from an order granting a motion for a new trial or granting, within 150 days after entry of judgment, a motion to vacate the judgment or to vacate judgment and enter another and different judgment, any party other than the appellant, within 20 days after mailing of notification by the superior court clerk of such appeal, may file a notice of appeal from the judgment or from an order denying a motion for judgment notwithstanding the verdict, and on that appeal may present any question which he might have presented on an appeal from the judgment as originally entered or from the order denying a motion for judgment notwithstanding the verdict."

[5]The date stamp on plaintiff's notice of appeal, however, is January 14, 1993. If this date is correct, under no hypothesis could plaintiff's notice of appeal be considered timely filed.

within 20 days of the defendant's notice of appeal. The court rejected this argument stating: "The contention of [plaintiffs] is that when [defendant] filed his notice of appeal from the order denying attorney fees, the first sentence of rule 3(c) gave them a new 20-day period within which to appeal from the judgment. This contention must fail because the first sentence of subdivision (c) only reopens the time for another appeal from the same order or judgment as the first appeal.

". . . . . . . . . . . . . . . . . . . . . . . . . . .

"If the courts were to adopt the interpretation urged by [plaintiffs]—that the filing of an appeal from a postjudgment order reopens the time for appealing from the judgment—the finality of judgments would be undermined significantly. Code of Civil Procedure, section 904.1, subdivision (b), makes appealable any 'order made after a judgment made appealable by subdivision (a).' Orders in that category may be made many years after the judgment has become final, for example, an order dealing with enforcement. [Citation.] An appeal from an order denying a motion to quash execution should not reopen the time for appealing from the judgment. No such drastic impairment of the finality principle could have been intended." (91 Cal.App.3d at pp. 704-705.) Accordingly, the court dismissed the plaintiffs' appeal from the judgment as untimely. (See also Cal. Civil Appellate Practice (Cont.Ed.Bar 2d ed. 1985) Cross-Appeals, § 9.4, p. 264 [cross-appeals relying for timeliness on the 20-day extension of rule 3(c) "must be taken from the same judgment or order challenged on the initial appeal."].)

The rationale underlying *Commercial & Farmers Nat. Bank* v. *Edwards*'s holding that the subject of cross-appeals, relying on the 20-day extension in rule 3(c) of the California Rules of Court for timeliness, must be restricted to the subject matter of the initial appeal, has been reinforced by our Supreme Court in other contexts. For example, in *Rooney* v. *Vermont Investment Corp.* (1973) 10 Cal.3d 351 [110 Cal.Rptr. 353, 515 P.2d 297], the defendants filed two timely notices of appeal: one from the judgment and another from an order denying a motion to vacate the judgment. The court clarified the situations when an order denying a motion to vacate may be considered an appealable judgment. However, the court emphasized the later motion could not extend the time for filing a timely notice of appeal from the judgment. "An order denying a motion to vacate an appealable judgment is generally not appealable if such appeal raises only matters that could be reviewed on appeal from the judgment itself. The reason for this general rule is that to allow the appeal from the order of denial would have the effect of allowing two appeals from the same ruling and might in some cases permit circumvention of the time limitations for appealing from the judgment. [Citations.]" (10 Cal.3d at p. 358.)

Similarly in *Lakin* v. *Watkins Associated Industries, supra,* 6 Cal.4th 644, the court discussed at length the criteria which distinguish between postjudgment orders which are appealable and those which are not. One of the prerequisites for appealability is that the postjudgment order concern a matter distinct from the underlying judgment. "The first requirement . . . is that the issues raised by the appeal from the order must be different from those arising from an appeal from the judgment. [Citation.] 'The reason for this general rule is that to allow the appeal from [an order raising the same issues as those raised by the judgment] would have the effect of allowing two appeals from the same ruling and might in some cases permit circumvention of the time limitations for appealing from the judgment.' [Citation.] In the present case, an appeal from the order denying attorney fees pursuant to Code of Civil Procedure section 2033, subdivision (o), plainly raises issues different from those arising from the judgment itself. Thus, this requirement is satisfied." (6 Cal.4th at p. 651.)

Similarly at the case at bar, plaintiff's notice of appeal raises separate issues and concerns a separately appealable judgment. (§ 904.1, subd. (a); *Commercial & Farmers Nat. Bank* v. *Edwards, supra,* 91 Cal.App.3d at p. 704.) Consequently, if plaintiff wanted appellate review of the judgment and the trial court's denial of its motions to vacate or for new trial, it was incumbent on it to file a timely notice of appeal from the judgment or from the denial of its postjudgment motions.[6]

Plaintiff did not file a timely notice of appeal from the judgment. Nor can its appeal which raises no issue concerning the first appeal be considered timely filed as a cross-appeal under rule 3(c) of the California Rules of Court. Consequently, we are without jurisdiction to review the matters raised in its appeal.[7] (*Commercial & Farmers Nat. Bank* v. *Edwards, supra,* 91 Cal.App.3d at pp. 704-705; *Chong* v. *Fremont Indemnity Co.* (1988) 202 Cal.App.3d 1097, 1102-1103 [249 Cal.Rptr. 264].)

---

[6]Despite plaintiff's argument to the contrary, the underlying judgment in this case, and the issues whether or not the damages were inadequate or the jury committed misconduct, have no relationship to the separately litigated order determining prevailing party status and awarding costs under section 998. Accordingly, plaintiff's reliance on *Grant* v. *List & Lathrop* (1992) 2 Cal.App.4th 993 [3 Cal.Rptr.2d 654], for the proposition the judgment should be considered subsumed in the postjudgment order for costs, is misplaced.

[7]Because we grant defendant's motion to dismiss plaintiff's appeal, we do not reach the merits of the issues raised in that appeal. We therefore can make no determination whether plaintiff's appeal can be considered frivolous for the purpose of sanctions. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179]; Cal. Rules of Court, rule 26(a).) Accordingly, we deny defendant's request sanctions be imposed against plaintiff for filing a frivolous appeal.

DISPOSITION

The trial court's order awarding costs to plaintiff under Code of Civil Procedure sections 1032 and 998 is affirmed. Plaintiff's appeal is dismissed as untimely. Each side to bear its own costs.

Lillie, P. J., concurred.

**WOODS (Fred), J.,** Concurring and Dissenting.—I respectfully dissent from that portion of the majority opinion which holds that the award of $4,153.53 to plaintiff as costs on the prior appeal must be included in the recovery obtained in the second trial for purposes of determining whether plaintiff was a prevailing party pursuant to defendant's offer under section 998 of the California Code of Civil Procedure. The majority opines that since the defendant prevailed upon plaintiff to defer collection of the previously awarded costs, such costs must necessarily be included in the calculation of the total award at the second trial. The majority suggests in dictum that had the defendant paid the costs or, inferably, had the plaintiff reduced the award on the prior appeal to a judgment then the prior award would have been excludable. The issue is one of first impression. I find the majority opinion on the issue strained. The majority overlooks or chooses to disregard the fact that right to collect the prior award on appeal became "vested" on the day that the costs were awarded, i.e., on December 11, 1990. The vesting date preceded the judgment in the second trial (July 15, 1992) by two and one-half years and defendant's section 998 offer of June 1991 by approximately one and one-half years. It is true that the "Memorandum of Costs (Worksheet)" provided by the Los Angeles County Superior Court Clerk's Office, approved by the Judicial Council, does contain ample blank spaces for insertion of a claim for costs on a prior appeal. However, this form for convenience of litigants is not determinative of the date of vesting of a prior award for costs on appeal in favor of a party. The majority interpret *First Nat. Bank* v. *Stansbury* (1931) 214 Cal. 190, 192 [5 P.2d 11, 78 A.L.R. 358] *Supera* v. *Moreland Sales Corp.* (1938) 28 Cal.App.2d 517, 520-521 [82 P.2d 963], and *O'Hare* v. *Peacock Dairies, Inc.* (1938) 28 Cal.App.2d 562, 564 [82 P.2d 1112], as unavailing to defendant in this case since defendant interprets these cases as merely stating that a successful party on appeal has the right to execute on its award of costs on appeal even before the underlying case is decided. To the contrary, I find the language of these cases exemplified in *Stansbury* that "there is no interdependence between the judgment for costs of the former appeal and any judgment which may subsequently enter in the main case" to be controlling. *Stansbury* is compelling under the doctrine of *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937].

For the reasons above stated, I would find that the plaintiff was not the prevailing party when the prior award for costs on appeal is excluded since the amount of those costs reduced plaintiff's recovery in the second trial below the terms and conditions of defendant's "section 998 offer." I find no compelling policy argument which would require the inclusion of such costs in determining which party is the "prevailing party." As a matter of logic I would find it to be the better policy to exclude these previously "vested" costs.

Except for this dissent, I concur in the remainder of the majority opinion.

The petition of appellant George S. Gradow for review by the Supreme Court was denied December 15, 1994.