Filed 9/25/24  Marriage of Black CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re the Marriage of MAXIMILIAN ELIJAH and CHRISTIENNE MEREDITH BLACK. | |
| MAXIMILIAN ELIJAH BLACK, | G062681 |
| Respondent, | (Super. Ct. No. 14D000459) |
| v. | O P I N I O N |
| CHRISTIENNE MEREDITH BLACK, | |
| Appellant. | |

Appeal from an order of the Superior Court of Orange County, Adrianne E. Marshack, Judge. Affirmed.

Christienne Meredith Black, in pro. per., for Appellant.

James D. Decker and Christopher M. Jones for Respondent.

\*      \*      \*

In this family law matter against her husband, Maximilian
Elijah Black (Max), Christienne Black[1] purports to appeal from numerous
orders made at a hearing on March 24, 2023. Most of the issues she attempts
to appeal, however, are nonappealable. Christienne repeatedly attempts to
invoke "due process" as her grounds for appeal, but those are not words that
can turn a nonappealable order into an appealable one. The only appealable
issue before us is an attorney fee order, granting Christienne $10,000 in
attorney fees. She has failed to carry her burden to demonstrate this order
was erroneous. We therefore affirm the order.

FACTS AND PROCEDURAL HISTORY

Neither party provided a summary of the historical facts of this
matter. In 2014, Max filed for dissolution. Trial was originally set for June
2015. By stipulation, in 2016, discovery was reopened and trial was set for
April 2017.

On July 2, 2019, Christienne served a request for production of
documents, which included 35 categories of documents. At a hearing in
August 2019, the court agreed to reopen discovery until 30 days prior to trial.

Another request for discovery was apparently sent in October
2019. This demand included 16 more categories of documents.

In July 2020, Christienne filed a motion to compel. At the hearing
on October 30, there was confusion over whether discovery was open or
closed. The court did not have the transcript of the August 2019 hearing
before it. Max argued that the July 2, 2019 discovery was propounded before
any reopening of discovery in August 2019. Christienne's counsel offered to
simply re-serve the same discovery if the court was inclined to find the

---

[1] We refer to the parties by their first names due to their common
surname for the ease of the reader and to avoid confusion.

discovery had to be served after the August 19 hearing. At that time, trial was scheduled for December 4. The court agreed to open discovery for 10 more days. The motions to compel were taken off calendar.

Christienne re-served the discovery requests on November 2, and Max responded with boilerplate objections. According to Christienne (the document is not in the record) she filed a motion to renew her motion to compel in November. The matter was heard in March 2022 before a different judge, who denied her motion and imposed sanctions.

The court's ruling noted that neither party had lodged the transcript of the October 30 hearing with the court. The court was left to review the minute order from that date, which stated: "The Court notes discovery was not reopen in this proceeding and the discovery date has expired, and therefore this Court does not have the power to reopen discovery. [¶] The Court hears argument from all counsel as to the issue of discovery. [¶] By the stipulation of counsels the Court orders discovery to be open for ten days commencing this date. [¶] The Court reserves on the issues of sanctions and fees." The minute order did not indicate the motion to compel had been taken off calendar. "Admittedly, the Court could have been clearer on this point, but this interpretation is supported by the next two lines of the minute order." The court noted that the minute order had reopened discovery, which would not have been necessary if discovery had already been open. Further, reserving on sanctions and attorney fees would have been "superfluous" if the matter had been taken off calendar. "Thus, the most reasonable interpretation of the minute order is that the Court denied the Motion to Compel because the discovery deadline had passed, but that the Court was reserving on sanctions and attorney's fees." The court sanctioned Christienne for an unjustified motion in the amount of $2,500.

Christienne filed a motion for reconsideration, which the judge did not rule upon.

Christienne brought a motion to disqualify the trial judge. A different judge granted the order on the grounds that "a person aware of the facts might reasonably entertain a doubt that the judge would be impartial." The judge had created a "disqualifying appearance of bias." Rulings by the judge after the motion to disqualify was filed on May 23, 2022, were vacated. It does not appear there were any orders relevant to this appeal issued by the disqualified judge after that date.[2]

The new judge assigned to the case denied Christienne's motion for reconsideration of the discovery order. At the time, trial was set for early 2023. The court also reopened discovery on a limited basis for issues identified by the parties in their statements of issues reserved for trial. Documents could be requested by letter, and if any disputes arose, the attorneys were directed to contact the court's clerk to schedule an immediate conference call. The court's order setting forth these conditions was dated October 17, 2022.

Christienne, for reasons unknown, waited until November 22 to request formal discovery rather than the informal letter contemplated by the court's October 17 order. The due date for discovery was less than 30 days before the trial date set for January 24, 2023. Max sent objections electronically on December 27, 2022. Christienne's request for relief was filed more than 45 days later, on February 27, 2023. (At some point, the January 24 trial date was apparently vacated.)

_____

[2] Christienne claims all of this judge's orders must be deemed void and set aside, but she provides no authority for this proposition.

4

Around this same time, Christienne again moved to disqualify the trial judge. The matter was reassigned to another judge, apparently without further hearings, in December.

Christienne states that she brought an "'informal motion to compel'" but does not cite to a document in the record. Max's response, which states Christienne's discovery request was untimely for several reasons, is in the record. On March 24, 2023, the new judge assigned to the case issued a ruling, finding that the statutory cutoff for discovery was 30 days before the January 24, 2023 trial date. The court, therefore, was required to hear any discovery motion 15 days prior to trial. Because vacating the trial date did not reopen discovery, the court could not hear the motion to compel.

In the same order, the court partially granted Christienne's motion for attorney fees, finding that a disparity existed between the parties to access funds to retain counsel. The court noted that the parties income and expense declarations stated Max's income at $10,000 per month, and Christienne was unemployed. The court found an attorney fee order of $10,000 was reasonable under the circumstances, without prejudice to a future request for fees.

Christienne now appeals.

DISCUSSION

I.

PRINCIPLES OF APPELLATE REVIEW

The existence of an appealable judgment or order "'is a jurisdictional prerequisite to an appeal.' [Citation.] A corollary of this rule is that an appeal from a judgment or order that is not appealable must be dismissed." (*In re Marriage of Deal* (2022) 80 Cal.App.5th 71, 77-78.)

Generally, with some exceptions, only final judgments are appealable; this is known as the "final judgment rule." (*Ibid.*)

Further, "the right to appeal is strictly statutory, and a judgment or order is not appealable unless made so by statute." (*Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371, 1377.) In civil matters, Code of Civil Procedure section 904.1 is the main statutory authorization for appeals. In addition to final judgments, Code of Civil Procedure section 904.1, subdivision (a)(10) provides that an appeal may be taken from "an order made appealable by [the provisions of] the Probate Code or the Family Code."

When this court finds that jurisdiction is proper, we review the matter with certain principles in mind. "A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) "The burden of affirmatively demonstrating error is on the appellant. This is a general principle of appellate practice as well as an ingredient of the constitutional doctrine of reversible error." (*Fundamental Investment etc. Realty Fund v. Gradow* (1994) 28 Cal.App.4th 966, 971.)

Accordingly, the burden is on Christienne "to present argument and authority on each point made" (*County of Sacramento v. Lackner* (1979) 97 Cal.App.3d 576, 591; Cal. Rules of Court, rule 8.204(a)(1)(B))[3] and to cite to the record to direct the reviewing court to the pertinent evidence or other matters in the record that demonstrate reversible error (rule 8.204(a)(1)(C); *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115). The failure to do so may result in an argument or issue being deemed waived. (*Duarte v.*

---

[3] All subsequent rule references are to the California Rules of Court.

6

*Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856; see *Stover v. Bruntz* (2017) 12 Cal.App.5th 19, 28.)

II.

MOTION TO AUGMENT

Christienne filed a motion to augment the record in this case with reporter's transcripts from August 20, 2019, October 30, 2020, March 18, 2022, October 13, 2022, March 24, 2023, June 12, 2023, and June 13, 2023.

Rule 8.155 permits augmenting the record on appeal. Augmentation, however, is not unlimited. "'Augmentation does not function to supplement the record with materials not before the trial court. [Citations.] . . . Rather, normally "when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered." [Citation.]' [Citation.] The augmentation procedure cannot be used to bring up matters occurring during the pendency of the appeal because those matters are outside the superior court record." (*In re K.M.* (2015) 242 Cal.App.4th 450, 455–456.)

The challenged orders here were, according to Christienne, from March 24, 2023. She claims she is not seeking to augment the record with transcripts from June 12 and June 13, 2023, to "bring up matters that were not before the trial court" but "as evidence [the trial judge] knew about the disqualification of [the former judge] *before* March 2023." Nonetheless, she cannot use a transcript after the date of the challenged order to "prove" this or anything else. Ultimately, as we shall discuss below, the issue of what the trial judge knew and when she knew it is irrelevant anyway.

The motion to augment is granted as to the transcripts for August 20, 2019, October 30, 2020, March 18, 2022, and October 13, 2022.

7

The March 24, 2023, transcript is already part of the record, so the request to augment is duplicative and therefore denied. The transcripts from June 12, 2023, and June 13, 2023, were not before the court on March 24, and augmentation is therefore denied.

In her reply letter brief, Christienne also asks us, for the first time, to take additional evidence and make additional factual findings on appeal. This request is procedurally improper and not supported by legal argument. It is therefore denied.

On our own motion and without objection by the parties, we augmented the record with the Register of Actions dated July 10, 2024.

### III.

#### "REFUSAL TO HEAR" MOTION TO COMPEL

Christienne argues the court's "refusal" to hear her motion to compel is a due process violation. First, the record reflects that the most recent trial judge assigned to the case did consider Christienne's motion and found it untimely. The court did not refuse to rule on the motion.

Second, it is important to note that as we discussed above, only a narrow class of orders are appealable. There is no "due process" exception to appealability, nor does invoking due process turn a nonappealable order into an appealable one. Discovery orders are not appealable orders under Code of Civil Procedure section 904.1. Accordingly, we cannot consider Christienne's appeal of this order until there is a final judgment in this case.

Christienne cites *In re J.R.* (2022) 82 Cal.App.5th 569, for the proposition that "a due process violation confers standing on Christienne to pursue this appeal." First, this is not an issue of standing, which is a question of whether the proper party is before the court. In a case involving particularly egregious facts, *In re J.R.* held that in a dependency appeal

8

challenging the termination of parental rights, the appellant father had standing to challenge the social service agency's violation of the mother's due process rights. (*Id.* at p. 573.) Unlike this matter, the issue was not whether there was an appealable order.

The law is clear that discovery orders, with narrow exceptions not applicable here, are not final, appealable orders. "'The rationale for this rule is that in the great majority of cases the delay due to interim review is likely to result in harm to the judicial process by reason of protracted delay [citation] and discovery orders may be reviewed on appeal from a final judgment on the merits.'" (*Curtis v. Superior Court* (2021) 62 Cal.App.5th 453, 463–464.)

## IV.

### MAX'S INCOME AND EXPENSE DECLARATION

The next issue Christienne raises in her opening brief is her claim that the trial court violated her right to due process by "unquestioningly accepting" Max's income and expense declaration,[4] which was relevant to the court's decision on her attorney fee motion. (Capitalization & boldface omitted.) As Max correctly points out, this is not an issue that can be appealed independently; there is simply no appealable order. In her reply brief, Christienne clarifies that she is not attempting to independently appeal this issue.

When considered as part of the attorney award, we find no error. Such declarations are a required part of motion practice in family court. (See

---

[4] Max correctly points out that Christienne failed to include this income and expense declaration in her appendix on appeal. While that is grounds for deeming her contention waived, Max did include the declaration in his appendix. We therefore address the issue briefly in the interests of justice.

rule 5.111.) Any objections are required to be submitted to the court prior to the hearing, and there is no evidence that Christienne filed objections here. (Rule 5.111 (c)(1).) Only upon a showing of good cause, which the court did not find, may such objections be raised at the hearing. (*Ibid.*)

Further, despite her arguments to the contrary, Christienne has no statutory right to cross-examine a declarant at a hearing for attorney fees under Family Code section 2030.[5] Christienne also makes numerous statements about the "errors" in the judge's ruling, but fails to support them with citations and legal argument. We find the court did not err by considering Max's income and expense declaration and giving it whatever weight the court deemed proper.

V.

ATTORNEY FEE AWARD

As noted above, the trial court, pursuant to Christienne's request, granted her $10,000 in attorney fees of the $450,000 she sought pursuant to section 2030. "On appeal, we review an attorney fee award under section 2030 for an abuse of discretion." (*In re Marriage of Sorge* (2012) 202 Cal.App.4th 626, 662.) We will not reverse a need-based award "absent a showing that no judge could reasonably have made the order, considering all of the evidence viewed most favorably in support of the order." (*In re Marriage of Falcone and Fyke* (2012) 203 Cal.App.4th 964, 975.) The court's factual findings are reviewed for substantial evidence. (*In re Marriage of Smith* (2015) 242 Cal.App.4th 529, 532.) The petitioning party bears the burden of demonstrating the need for an attorney fee award under section 2030. (*In re Marriage of Bendetti* (2013) 214 Cal.App.4th 863, 868.)

---

[5] All further undesignated statutory references are to the Family Code.

"In deciding whether to award attorney fees, the trial court considers the parties' respective needs and incomes, including their assets and liabilities." (*In re Marriage of Bendetti*, *supra*, 214 Cal.App.4th at p. 868.) The court undertook such an analysis here. The court first found "a disparity exist[ed] between the parties in access to funds to retain counsel." "Based on the information contained in the parties' Income and Expense Declarations, [Max] earns $10,000 per month, and [Christienne] is unemployed. [Max] has a potential for bonuses, which have not been factored into the $10,000 monthly base salary, as he just recently started his position. [Max] also resides in Texas, where there is no state income tax, resulting in a higher monthly net spendable than if he lived in a state that collected income tax. [Max] has greater access to funds to pay fees than does [Christienne], including over $20,000 in stocks, bonds, and other assets he admits he could easily sell. Both parties have some equity in the marital residence that was awarded to [Christienne] but has not yet been equalized. Further, although [Max] identifies household expenses that nearly reach what he contends is his monthly income, he also admits that his current wife contributes to some of the household expenses, while [Christienne] is not receiving assistance with household expenses from another member of her household. Pursuant to the current child support order, [Max] is ordered to pay [Christienne] $4,007 per month in child support (August 4, 2022 Order). An order from March 24, 2022, indicates that [Max] was in arrears for child support, suggesting that [Christienne] may have gone without support for some period of time, and [Max]'s Income and Expense Declaration indicates that he is paying $650 per month in child support arrears.

"The Court finds that given [Max]'s assets, he has the ability to make a contribution to [Christienne]'s attorneys' fees. The Court further finds

11

that fees to maintain or defend the proceeding are reasonably necessary, particularly because the parties are scheduled to go to trial in June, and presentation of evidence will likely be more efficient and expedient with the assistance of counsel. That all said, the Court cannot conclude, based on the evidence presented, that [Max] can pay all of [Christienne]'s legal fees . . . . Assuming the information on the parties' Income and Expense Declarations is correct and that [Max] is paying the court-ordered support, the parties have a cash flow that is in parity with one another. Given that [Max] has access to funds he can easily liquidate, however, the Court finds that a contribution by [Max] to [Christienne]'s attorneys' fees in the amount of **$10,000** is reasonable under the circumstances."

Christienne appears to contend the trial court did not include all of the relevant factors in reaching its decision. But the case she cites for this proposition, *Alan S. v. Superior Court* (2009) 172 Cal.App.4th 238, 253, does not hold that the court must consider all of the factors set forth in section 4320, a different attorney fee statute. It provides: "To be sure, not all section 4320 factors will be relevant all the time (hence the 'to the extent relevant' language in § 2032). But obviously a number of section 4320 factors will *usually* bear on a pendente lite fee order. These surely include earning capacity (subd. (a)); ability to pay, taking into account such things as assets and standard of living (subd. (c)); respective needs (subd. (d)); obligations and assets (subd. (e)); age and health (subd. (h)); and the overall balance of hardships (subd. (k))." (§ 4320.)

Here, the court considered all of these explicitly with the exception of "age and health," and as Christienne offers no argument on how consideration of age and health might have resulted in a different outcome, we conclude the court considered all of the relevant factors. The record

12

reflects that the court actually exercised its discretion in fashioning the attorney fee award. (*In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 315.)

Christienne next contends the court lacked substantial evidence to find Max's income was $10,000 a month. This reflects a fundamental misunderstanding of the nature of appellate review for substantial evidence. A party "raising a claim of insufficiency of the evidence assumes a 'daunting burden.'" (*Whiteley v. Philip Morris Inc.* (2004) 117 Cal.App.4th 635, 678.) On review for substantial evidence, "We do not review the evidence to see if there is substantial evidence to support the losing party's version of events, but only to see if substantial evidence exists to support the verdict in favor of the prevailing party. Thus, we *only* look at the evidence offered in [defendant's] favor and determine if it was sufficient." (*Pope v. Babick* (2014) 229 Cal.App.4th 1238, 1245.)

Here, Max's income and expense declaration was supported by his signature under penalty of perjury, a spreadsheet showing his outstanding installment payments, and an offer letter from his employer showing his salary as of February 9, 2023, and a supplemental declaration. Christienne, without citing to evidence or the record, states Max's declaration "(a) was certainly incomplete and non-compliant, (b) was alleged to be falsified in the extreme." This is unhelpful and does not support her claim that the court's order was not supported by substantial evidence. She also claims the court should have considered a Department of Child Support Services order finding that as of August 2022, Max's monthly income was $16,092. It was not an abuse of discretion for the court not to consider this in light of Max's documentation of new employment.

13

Christienne also argues the court erred by not considering Max's litigation tactics, but this is a discretionary factor, not a required one. (*In re Marriage of Hearn* (2023) 94 Cal.App.5th 380, 386–388; *In re Marriage of Sorge, supra,* 202 Cal.App.4th at pp. 662–663.) Given the balance of equities and the use of questionable tactics by both parties, it was not an abuse of discretion not to consider litigation tactics.

In sum, we find no abuse of discretion in the court's attorney fee order. Christienne may seek additional fees at any time.

VI.

REQUEST TO DISQUALIFY THE TRIAL JUDGE

Finally, Christienne argues the current trial judge should be "disqualified" because she purportedly relied on void orders. This request is procedurally improper. (Code Civ. Proc., § 170.3; *Tri Counties Bank v. Superior Court* (2008) 167 Cal.App.4th 1332, 1337.) Further, Christienne's argument on this point in her opening brief is less than a page long and includes no legal analysis. Accordingly, the issue would be deemed waived even if it was properly raised. (*Duarte v. Chino Community Hospital*, *supra*, 72 Cal.App.4th at p. 856.)

DISPOSITION

The court's order is affirmed. Max is entitled to his costs on appeal.


MOORE, ACTING P. J.

WE CONCUR:


GOETHALS, J.


GOODING, J.

15