Filed 4/20/26  Capital One v. Shaw CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CAPITAL ONE, N.A.<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ASLAM M. SHAW,<br><br>  Defendant and Appellant. | G064269<br><br>(Super. Ct. No. 30-2023-01309963)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Donald F. Gaffney, Judge. Affirmed. On the court's own motion, the record is augmented.

Aslam M. Shaw, in pro. per., for Defendant and Appellant.

Hunt & Henriques, Kurtiss A. Jacobs, Donald Sherrill and Anthony J. DiPiero for Plaintiff and Respondent.

\*       \*       \*

Defendant Aslam M. Shaw appeals from a default judgment in favor of plaintiff Capital One, N.A. in the amount of $6,714.02. The main argument Shaw appears to offer is that the default judgment was "fraudulently obtained . . . by filing fraudulent documents and intentionally not serving on Shaw." He offers no legal argument and does not provide facts sufficient to support a claim of reversible error. Accordingly, we affirm the judgment.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On March 2, 2023, Capital One filed a limited civil case against Shaw for $6,420.52 for breach of contract apparently arising from an unpaid credit card.

On June 5, Shaw filed two identical documents entitled "Answer to Complaint; Counter Claim and Cross-Claim and Request to Transfer of the Case to the Superior Court of Unlimited Jurisdiction." (The responsive pleadings; capitalization and boldface omitted.) The responsive pleadings also purported to name as "Counter-Defendant and Cross-Defendants" Honda World Westminster Corporation (Honda World) and Richard Fairbank, CEO of Capital One. Approximately two pages of the responsive pleadings purported to be Shaw's answer to the complaint. The remainder of the responsive pleadings, comprising some 18 pages, purported to be a "counter-claim and cross-claims." Honda World was apparently included because it denied Shaw a loan "as a result of Capital One damaging his credit score." Shaw demanded $10 million from Capital One, $1 million from Honda World, and $5 million from Fairbank. The case was reclassified as unlimited civil on the same date.

After meet and confer efforts proved unfruitful, Capital One filed an unopposed motion to strike the purported counter and cross-claims from

2

Shaw's responsive pleadings on the ground that California law (Code Civ. Proc., § 428.40)[1] requires cross-complaints to be a separate document.[2] Further, Capital One cited section 431.30, subdivision (c), which states: "Affirmative relief may not be claimed in the answer."

The court held a remote hearing on November 8 at which Shaw did not appear. The court struck Shaw's responsive pleadings in their entirety. The court further granted Shaw 30 days to serve his responsive pleading. Capital One filed and served a notice of ruling the following day.

On December 5, following a case management conference, the minute order stated: "Court notes defendant has 30 days leave to amend his responsive pleadings." Shaw did not file any answer or cross-complaint following the court's ruling striking his responsive pleading.

On June 6, 2024, Capital One requested a clerk's default for $6,714.02, comprised of the demand of $6,420.52 and $293.50 in filing and service costs. Counsel filed a declaration stating Capital One had not sought prejudgment interest in its complaint and was waiving attorney fees. The clerk's default was granted the same day.

At a case management conference on July 9, the court dismissed "the entire action without prejudice." On July 11, Capital One filed a notice of ruling stating: "PLEASE TAKE NOTICE that on July 9, 2024, the above-entitled matter, along with the related cross-complaint, was dismissed by the Court."

---

[1] Statutory references are to the Code of Civil Procedure.

[2] California no longer recognizes or uses the term "counterclaim." (§ 428.80.)

DISCUSSION

I.

BRIEFING AND RECORD

Shaw's brief does not comply with the California Rules of Court. Each brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).)[3] He sets forth multiple paragraphs of purported facts with no record references, including some with quotations from unspecified documents. "While we could exercise our discretion to deem [defendant's] arguments waived and dismiss the appeal, in the interests of justice, we shall do our best to review their arguments. If, however, we cannot locate a fact they assert exists, that fact will be deemed unsupported by the record." (*Woolard v. Regent Real Estate Services, Inc.* (2024) 107 Cal.App.5th 783, 786.)

Further, the record provided by Shaw is patently insufficient. The only documents that Shaw requested to be included in the clerk's transcript on appeal are the default judgment, the register of actions (ROA), the notice of appeal, and the record designation itself. He claims this is an "error" by the clerk, but upon review of the record designation, he designated the ROA, not the documents listed in the ROA, to be included in the clerk's transcript. Any error is as to what documents were included in the record is Shaw's.

In the interests of justice, however, we reviewed the Superior Court file and sent the parties notice that we intended to augment the record on our own motion. (Rule 8.155(a)(1).) No objection was received. Accordingly,

---

[3] Subsequent references to rules are to the California Rules of Court.

4

we order the record augmented with the documents specified in our January 20, 2026 notice to the parties[4] pursuant to rule 8.155(a).

While Shaw requests we order the trial court to provide the entire record below to him and allow him to prepare a new appellant's brief, there are no grounds that would allow us to do so. No records in our file or notes in our docket indicate that Shaw ever informed this court of a problem with his receipt or review of the record. Our docket does show, however, that he was granted three extensions for his opening brief totaling 162 days and two extensions totaling 97 days for his reply brief. No further relief or delay is warranted.

## II.

### JUDICIAL NOTICE

In his opening brief, Shaw stated: "This Court is respectfully requested to Take Judicial Notice of the action brought by CFPB against Capital One(cof): *'Case 1:25-cv-00061 Document 1 Filed 01/14/25 Page 1of 32 Page ID# 1.'*"

Shaw failed to meet the requirements of rule 8.252, which requires a separate motion, stating, among other things, why the matter to be judicially noticed is relevant. The party requesting judicial notice is also required to attach a copy of the matter to be judicially noticed. Shaw did not meet any of these requirements. Accordingly, the request is denied.

---

[4] The documents are: 1) Complaint dated March 2, 2023 (ROA #2); 2) Answer and cross-claim dated June 5, 2023 (ROA #14/15); 3) Motion to strike dated August 9, 2023 (ROA #24); 4) Minute order dated November 8, 2023 (ROA #28); 5) Notice of ruling dated November 9, 2023 (ROA #30); 6) Minute order dated December 5, 2023 (ROA #39); 7) Declaration dated June 6, 2024, 2024 (ROA #57); 8) Request for Clerk's default dated June 6, 2024 (ROA #59); 9) Minute order dated July 9, 2024 (ROA #66) and 10) Notice of ruling dated July 11, 2024 (ROA #64).

## III.

### NO REVERSIBLE ERROR

The only thing close to a cognizable error that Shaw raises in his briefs is the claim Capital One filed "fraudulent" documents and did not serve him properly. But he does not identify anywhere in his brief what documents were fraudulent and what the import of those documents were, or what documents he claims were not served.

"The burden of affirmatively demonstrating error is on the appellant. This is a general principle of appellate practice as well as an ingredient of the constitutional doctrine of reversible error." (*Fundamental Investment etc. Realty Fund v. Gradow* (1994) 28 Cal.App.4th 966, 971.) The order of the "'lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness.'" (*Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 718.) Without identifying the purported deficiencies in the allegedly fraudulent documents or demonstrating a lack of service, or even stating which documents were allegedly not served, Shaw cannot establish legal error, and we find none.

Shaw also argues that the notice of ruling was "fraudulent" because it omitted the court's "'without prejudice'" language and added the words "'along with the related cross-complaint.'" (Boldface omitted.) There was no "fraud" as to either statement. For one thing, Shaw has not established an intent to deceive, nor was deception likely. The minute order was part of the court record, and Shaw was always free to check its language for himself.

At worst, the "along with the related cross-complaint" language was mildly confusing, because there was no active cross-complaint at the time. Shaw's initial responsive pleading had been stricken and he never

6

attempted to refile a cross-complaint against any party. But mildly confusing is not "fraudulent," and the statement that any extant cross-complaint was dismissed correctly reflects the minute order's statement dismissing "the entire action."

Moreover, even if there was some problem with the notice of ruling, it would not constitute prejudicial error. The ruling of the court is the ruling of the court. The language in a notice of ruling, if it does not reflect the court's ruling, is not binding on any party or the court. Shaw was free to raise this with the court and request a clarifying ruling, but he did not. We find no prejudicial error.

## DISPOSITION

The judgment is affirmed. The record is ordered augmented with the documents listed in our notice to the parties dated January 20, 2026. Capital One is entitled to its costs on appeal.

MOORE, ACTING P. J.

WE CONCUR:

DELANEY, J.

BANCROFT, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.