Filed 7/2/14  Marriage of Diener CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| In re Marriage of DONALD and BRIGITTE MAXWELL DIENER. DONALD DIENER, Appellant, v. BRIGITTE MAXWELL DIENER, Respondent. | G048928 (Super. Ct. No. 11D006404) O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Paula J. Coleman, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Donald Diener in pro. per. for Appellant.

No appearance for Respondent.

No appearance for Intervenor Department of Child Support Services of Orange County.

Donald Diener appeals from the family law court's order appointing an accountant pursuant to Evidence Code section 730[1] to perform an analysis of his and his former wife Brigitte Maxwell Diener's income available for child support. (To avoid confusion, we hereafter refer to the parties by their first names; *In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 475, fn. 1.) Donald contends the order was unwarranted because his finances are not complicated and he cannot afford to pay for the evaluation. We conclude Donald has not demonstrated an abuse of discretion and affirm the order.

FACTS AND PROCEDURE

The record on appeal is sparse. There is no reporter's transcript, and the clerk's transcript is limited. In addition to the order on appeal, it includes Donald's April 22, 2013, income and expense declaration showing he is the petitioner in this dissolution action. The income and expense declaration states the couple has two minor children and Donald has them 55 percent of the time; Donald has monthly social security income of $1,718; Donald claimed he had a $1,000 monthly loss from his business called "Master Linens" and monthly expenses of $2,255; and Donald estimates Brigitte has monthly income of $1,925. None of Donald's five previous income and expense declarations nor any of Brigitte's eight income and expense declarations are in the record on appeal.

The docket report contained in the clerk's transcript indicates the Department of Child Support Services of Orange County (DCSS) filed a motion for support modification on November 21, 2012. Neither that motion nor any request for financial records DCSS may have served on Donald and Brigitte are part of the record on appeal. The clerk's transcript does however contain an April 29, 2013, minute

---

[1] All further statutory references are to the Evidence Code, unless otherwise indicated.

order showing the family court ordered Donald to submit 12 months of personal and business bank statements and current itemized profit and loss statements for his business to DCSS before the next hearing date in June 2013. There is a letter from Donald to DCSS dated June 10, 2013, stating he was transmitting various financial documents, although those documents are not attached to the letter in the clerk's transcript. There is no record of what financial documents, if any, were submitted to DCSS by Brigitte. Donald's letter, however, refers to a business owned by Brigitte called "White Linen Rentals" from which he claimed she should be earning at least $3,000 a month. His letter also states Brigitte was receiving benefits of $2,000 and her income and expense declaration was false and did not show all of her available income.

The clerk's transcript contains a June 26, 2013, minute order stating the family court would appoint a forensic accountant and gave the parties a list of potential accountants to choose from. It contains a July 23, 2013, declaration filed by Donald objecting to the appointment of an accountant stating neither he nor Brigitte could afford to pay the fees. Donald argued there was nothing complex about his financial records and DCSS staff (or the court) should be able to conduct an accounting review in a few hours to decide the parties' available income. His declaration attached as an "example" of the kinds of financial records he had provided DCSS a 10-page May 2013 checking account statement (he stated he had provided DCSS with 18 months of such statements), 13 insufficient funds notices he received from 2011 through 2013, and a printout of a profit and loss statement for 2013 (through May 2013), showing a year to date loss of $7,562. Donald declared that despite having provided DCSS with the financial documents, the DCSS attorney handling the matter "not being a business person nor an accountant" misconstrued the financial records as suggesting Donald's business had "profits to grab" because there was over $300,000 in

3

gross revenue. Donald explained it should be easy to go through all the bank statements, on which he had made indications as to what expenses were personal and what expenses were business related, so as to determine the business profits and losses and his personal income and expenses.

On July 29, 2013, the family court entered its order appointing accountant Dennis A. Sperry to analyze Donald's and Brigitte's income available for support from all sources. It ordered Donald and Brigitte to each pay one-half of the accountant's retainer fee, in an amount to be determined, and subject to future reallocation. Donald appeals from the order.

DISCUSSION

Donald contends the trial court erred by appointing an accountant. He has not demonstrated any reversible error.

Section 730 provides, "When it appears to the court, at any time before or during the trial of an action, that expert evidence is or may be required by the court or by any party to the action, the court on its own motion or on motion of any party may appoint one or more experts to investigate, to render a report as may be ordered by the court, and to testify as an expert at the trial of the action relative to the fact or matter as to which the expert evidence is or may be required. The court may fix the compensation for these services, if any, rendered by any person appointed under this section, in addition to any service as a witness, at the amount as seems reasonable to the court." We review the court's decision to appoint an accounting expert under section 730 for an abuse of discretion. (*In re Daniel C.H.* (1990) 220 Cal.App.3d 814, 835.)

"A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness. [Citations.]" (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) "The

4

burden of affirmatively demonstrating error is on the appellant. This is a general principle of appellate practice as well as an ingredient of the constitutional doctrine of reversible error. [Citation.]" (*Fundamental Investment Etc. Realty Fund v. Gradow* (1994) 28 Cal.App.4th 966, 971.) Moreover, an appellant "has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) These principles apply equally to appellants representing themselves in propria persona. (See *Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639 [litigants representing themselves in pro. per. are to be held to same standards as lawyers].)

We cannot say based on the record before us that the order appointing an accountant constitutes an abuse of discretion. We have only Donald's one income and expense declaration, none of DCSS's moving papers, and none of Brigitte's income and expense declarations or any financial documents she might have submitted. The record contains only an "example" of the kinds of documents Donald states he submitted to DCSS pursuant to its request—his May 2013 bank statement, 13 insufficient funds notices, and a 2013 profit and loss statement for Donald's business with no indication of how or by whom it was prepared. We have no means of determining from this record how complicated Donald's or Brigitte's financial records are. All we know from this record is that each party is apparently claiming the other is deliberately understating their income available for child support. There are two businesses involved, from which both parties might be able to derive income, but from which both claim they are not deriving any income. Donald claims Brigitte has other income she has not accounted for in her income and expense declaration. By appointing an accountant to review the parties' financial documents, the court has signaled it is unwilling to accept either party's income and expense declaration at face value and we cannot second guess its credibility determinations.

5

Moreover, whether Donald and Brigitte can afford the accounting fees is not an issue we can decide based on this record—there is nothing in this record indicating whether the accounting has been completed and what in fact the fees are. Donald speculates the fees of a court-appointed accountant could be anywhere from $10,000 to $20,000, although there is nothing in the record supporting that assertion.[2] He argues his and Brigitte's finances are not complicated and an accounting to assess their available income should not take more than an hour or two. If that is the case, there is no reason for an accounting to cost what Donald speculates it will cost.

Citing the following language from section 731, subdivision (a)(2) that "if the expert is appointed for the court's needs, the compensation shall be a charge against the court[,]" Donald argues that whenever a section 730 expert is appointed by the court, and not at a party's request, the cost of the expert must be borne by the court. He has taken the paragraph out of context. Section 731, subdivision (a), only applies to court appointed experts in criminal actions and juvenile court proceedings, requiring the costs be borne by the county, unless appointed by the court for its own needs in which case the compensation shall be paid by the court. Section 731, subdivision (c), applies here and it specifically requires that "in all civil actions, the compensation fixed under [s]ection 730 shall, in the first instance, be apportioned and

---

[2]     Donald has attached to his appellate brief the first two pages of what appears to be a form letter from the court-appointed expert, Sperry, dated August 21, 2013—the entire letter is not attached. There is no signature page and no indication as to how many pages are missing from the attached copy of the letter. The letter states Sperry's accounting services are charged on an hourly basis, the firm's fees range from $75 for clerical to $400 an hour for partners, and states a retainer amount of $3,500 from each party ($7,000 total) is required. The partial letter is not part of the record on appeal (see Cal. Rules of Court, rule 8.204(d) [only permits attaching materials that are in the appellate record]), it was not part of the record before the trial court when it ruled, and there no request that we take additional evidence on appeal (see Code Civ. Proc., § 909). Accordingly the letter is disregarded.

6

charged to the several parties in a proportion as the court may determine and may thereafter be taxed and allowed in like manner as other costs."

Donald also argues the court may not appoint a section 730 expert on its own motion without first assessing the parties' ability to pay the expert's fees— something it failed to do in this case. There is such requirement in the statute. The cases Donald cites do not involve appointment of an expert under section 730 and are otherwise distinguishable. For example, *In re Marriage of Rosen* (2002) 105 Cal.App.4th 808 and *People v. Pacheco* (2010) 187 Cal.App.4th 1392, disapproved of by *People v. McCullough* (2013) 56 Cal.4th 589, 599, involved statutes that specifically require the court to make findings of ability to pay before ordering needs-based attorney fees or certain collateral costs against a defendant in a criminal action. *Michael B. v. Superior Court* (1978) 86 Cal.App.3d 1006, concerns payment for court-ordered paternity testing and held the court cannot order prepayment for testing by an indigent defendant in a paternity action because the court is required to order the testing if requested and the testing "could lead to serious deprivation of possible defenses being available to a defendant[,]" (*id.* at p. 1010), concerns that are not present here.

Although we reject Donald's contention that the statute requires the court's order appointing an expert under section 730 reflect an assessment of the parties' ability to pay for the expert, we cannot say it is an insignificant consideration. We hold here only that Donald has not shown that the court abused its discretion by ordering an accounting expert to evaluate the parties' income available for child support. That does not stop us from questioning the wisdom of the court's order. If indeed Donald and Brigitte have no money to pay the accountant, the accounting review likely will not take place and we would question the court's ability to enforce

7

the order via contempt.[3]  (See *In re Ivey* (2000) 85 Cal.App.4th 793, 798 [elements of contempt include proof of ability to comply with order].)  And if, as Donald asserts, the financial records are uncomplicated and easy to analyze, the decision to foist upon the parties the costs of an expert to review them, might well have been pennywise, but pound foolish.  But these are decisions for the trial court in the first instance.  Absent a showing it abused its discretion there is no basis for us to disturb the current order.  We are hopeful the trial court will be vigilant and carefully monitor the expenses involved in its order.

DISPOSITION

The order is affirmed.  As there has been no appearance by respondent or intervenor no costs will be awarded.

O'LEARY, P. J.

WE CONCUR:

BEDSWORTH, J.

ARONSON, J.

---

[3] At oral argument Donald represented that he and Brigitte were granted fee waivers in this case, which demonstrates neither can pay any accounting fees.  The register of actions contained in the clerk's transcript confirms that in September 2011 Brigitte's request for a fee waiver was granted by the clerk, but her June 2012 request for an additional waiver of costs was denied by the court.  Donald's request for a waiver of appellate filing fees was granted by the clerk.

8