Filed 1/13/21  McCloskey v. The Walt Disney Company CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MICHAEL L. McCLOSKEY, | |
| Plaintiff and Appellant, | G058842 |
| v. | (Super. Ct. No. 30-2018-01022996) |
| THE WALT DISNEY COMPANY, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Gregory H. Lewis, Judge.  Affirmed.

Michael L. McCloskey, in pro. per., for Plaintiff and Appellant.

Pillsbury Winthrop Shaw Pittman, Mark D. Litvack and Michael R. Kreiner for Defendant and Respondent.

\*          \*          \*

This appeal by plaintiff Michael L. McCloskey follows a judgment of dismissal after the trial court sustained the demurrer of defendant the Walt Disney Company (Disney) to McCloskey's fourth amended complaint without further leave to amend. Disney argues that McCloskey, a self-represented litigant, failed to meet basic standards for a cognizable pleading despite having multiple attempts to do so. After a thorough review of the voluminous record, we must concur, and contrary to McCloskey's claims, we do not agree that he should have been given yet another opportunity to amend. Accordingly, we affirm the judgment.

I

FACTS

According to McCloskey's four paragraph statement of facts, he "is an innocent man, living for over 55 years in the city of Anaheim as a model citizen doing no one harm. For over twenty years the appellant has had a long history of being a model citizen going to the Disneyland resort only being nice to people and helping others locked in to an already paid for year long pass." He contends that "it is the Disney employees, carnival like, humping and dumping each other every night, with bad morals seeing a way to get someone who may have humped and dumped them the other night by attacking the Disneyland resort guests who were clapping for those performers. Disney employees in a dark and evil place were attacking the plaintiff to make him do things they wanted like not clap for someone, give up Christianity and stop being a Tea party person. Over time the Disney employee attacks increased on the plaintiff while more Disney employees got involved all forming a group trying to hurt the plaintiff so he doesn't come back to their Disneyland resort while their complaint department helped them, they were in on the conspiracy too."

McCloskey goes on to state "the Disney employee misconduct reached to the court system too" and that the trial judge "tried his best to help the Disney employees

2

win and he did and they did." He asserts misconduct on the part of Disney employees, defense counsel, and the trial court.

This is as much of a statement of facts as McCloskey provides in his opening brief, citing only to the *entire* third amended complaint, which is approximately 149 pages long. This failure to cite to the record with specificity is improper. "Rule [8.204(a)(1)(C)] of the California Rules of Court provides in relevant part that all appellate briefs *must* 'support any reference to a matter in the record by a citation to the record.'" (*Nwosu v. Uba* (2004)122 Cal.App.4th 1229, 1246.) "The appellate court is not required to search the record on its own seeking error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.) His self-represented status does not relieve him of this responsibility. (*Nwosu*, at pp. 1246-1247.)

McCloskey's failure to provide record citations constitutes grounds to deem all of his arguments waived. If "'a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived.'" (*Nwosu v. Uba*, *supra*, 122 Cal.App.4th at p. 1246.)

In the interests of justice, we will address McCloskey's contentions on the merits as far as we are able to do so. To the extent, however, that he states facts in his briefs that we are unable to readily locate in the record, particularly any version of his lengthy complaint, we disregard those facts.

*Procedural History*

McCloskey's original complaint, filed in October 2018, was 617 pages long and purported to assert 162 causes of action. The disjointed, disorganized, and essentially incoherent complaint is very difficult to follow, but alleged something to do with Disney employees making statements such as "he is crazy," among other things. He claimed over 2,000 of these situations had occurred in the two years prior to filing his

3

complaint. He also claimed Disney had violated his civil rights, in addition to myriad other assertions.

After a meet and confer with Disney's counsel, McCloskey filed a first amended complaint. This complaint expanded to 776 pages and was no more digestible than the previous iteration.

The trial court granted McCloskey's request for leave to file a second amended complaint. The second amended complaint was 426 pages, but it was unclear how many causes of action it purported to include. Disney states: "As with his earlier pleadings, it was impossible to discern the legal theories asserted or the essential facts that allegedly supported those legal theories." Disney demurred arguing uncertainty, failure to state facts sufficient to constitute a cause of action, and that some causes of action were barred by the statute of limitations. The trial court sustained the demurrer for uncertainty with leave to amend. The court's ruling noted: "Plaintiff's Second Amended Complaint exceeds 400 pages. Despite several revisions, the pleading is incomprehensible. The Second Amended Complaint is so uncertain that the ambiguities could not be clarified with discovery."

McCloskey filed his third amended complaint thereafter, shortening it to 149 pages. The causes of action, however, as well as the ultimate facts and relevant legal theories, remained unclear. Disney again demurred on the same grounds – uncertainty, failure to state a cause of action, and the statute of limitations as to certain causes of action. The court acknowledged some progress in sustaining the demurrer, but also noted "each cause of action includes multiple theories within each cause of action," and "[d]espite the multiple amendments, Plaintiff's Third Amended Complaint remains a hodge-podge, confusing causes of action." The trial court then *ordered* McCloskey to abide by the following on his next attempt at amendment: No more than 50 pages, no more than nine causes of action, each cause of action must be identified by claim (such as negligence), and multiple claims were not to be combined into a single cause of action.

4

McCloskey's fourth amended complaint, however, largely ignored the court's order. While the pleading was 50 pages, it purported to allege 14 causes of action and combined numerous claims into a single cause of action. The causes of action included defamation, violation of the Unruh Civil Rights Act (Civ. Code, § 351 et seq.), negligence, negligent hiring and training, invasion of privacy, violation of the Tom Bane Civil Rights Act (Civ. Code, § 52.1), false imprisonment, intentional interference with prospective economic relations, intentional infliction of emotional distress, "physical pain, mental suffering, and emotional distress," spoliation of evidence, sexual harassment, civil harassment, and civil conspiracy.

Disney, not surprisingly, demurred on now familiar grounds. McCloskey's opposition requested leave to amend, including a proposed fifth amended complaint as an exhibit. This proposed complaint did not comply with the court's prior order either, as it was 67 pages long.

The court sustained Disney's demurrer without leave to amend. The court's order noted McCloskey had violated its prior order, increasing the number of causes of action. The court also noted that on its face, several of McCloskey's claims were outside the statute of limitations, including false imprisonment and defamation claims more than one year before the complaint was filed. Further, there is no tort remedy for spoliation of evidence. The court's focus, however, was the overall uncertainty of the complaint. "Despite the multiple amendments, Plaintiff's Fourth Amended Complaint remains a hodge-podge, confusing causes of action." With respect to amendment, the court noted McCloskey's proposed fifth amended complaint "failed to cure the numerous defects that created uncertainty." McCloskey now appeals.

II

DISCUSSION

*Standard of Review*

We review an order sustaining a demurrer de novo. (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052.) "In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. We also consider matters which may be judicially noticed." (*McBride v. Boughton* (2004) 123 Cal.App.4th 379, 384-385.) "In order to prevail on appeal from an order sustaining a demurrer, the appellant must affirmatively demonstrate error. Specifically, the appellant must show that the facts pleaded are sufficient to establish every element of a cause of action and overcome all legal grounds on which the trial court sustained the demurrer. [Citation.] We will affirm the ruling if there is any ground on which the demurrer could have been properly sustained." (*Intengan v. BAC Home Loans Servicing LP*, *supra,* 214 Cal.App.4th at p. 1052.)

"If a complaint does not state a cause of action, but there is a reasonable possibility that the defect can be cured by amendment, leave to amend must be granted." (*Quelimane Co. v. Steward Title Guaranty Co.* (1998) 19 Cal.4th 26, 39.) In reviewing the trial court's denial of the plaintiff's request for leave to amend, we apply the more deferential abuse of discretion standard. (*Canton Poultry & Deli, Inc. v. Stockwell, Harris, Widom & Woolverton* (2003) 109 Cal.App.4th 1219, 1225-1226.)

6

*Relevant Legal Principles*

Complaints must generally include "[a] statement of the facts constituting the action, in ordinary and concise language." (Code Civ. Proc., § 425.10, subd. (a)(1).)[1] Section 430.10 permits a defendant to demur when the complaint "is uncertain." As used in this context, "'uncertain' includes ambiguous and unintelligible." (§ 430.10., subd. (f).)

"'[T]o withstand a demurrer, a complaint must allege ultimate facts, not evidentiary facts or conclusions of law.' [Citation.] However, "'[t]he fact that a party has alleged more than is required to justify his right does not obligate him to prove more than is essential, and the unnecessary allegations will be treated as surplusage unless the opposing party would be prejudiced.'" [Citation.] At some point, of course, there is a remedy for undue prolixity: a demurrer for uncertainty. [Citation.] But 'demurrers for uncertainty are disfavored, and are granted only if the pleading is so incomprehensible that a defendant cannot reasonably respond.'" *(Mahan v. Charles W. Chan Ins. Agency, Inc.* (2017) 14 Cal.App.5th 841, 848, fn. 3.)

*The Fourth Amended Complaint*

McCloskey argues the trial court erred by sustaining the demurrer to the fourth amended complaint, referring us to some boilerplate paragraphs about pleadings and simply stating, without any analysis, that his complaint met the applicable standards. While the lack of analysis alone would be sufficient to deem the issue waived and uphold the trial court's ruling (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Fundamental Investment etc. Realty Fund v. Gradow* (1994) 28 Cal.App.4th 966, 971), McCloskey is also wrong on the merits.

The fourth amended complaint, like every complaint McCloskey filed, was fatally unclear as to what he was alleging. The complaint, as far as we can tell, had no

---

[1] Subsequent statutory references are to the Code of Civil Procedure.

principle around which it was organized – not chronological or anything else.  It was simply as a jumble of unclear allegations.  And by "unclear" we mean both to what he actually alleged happened and the legal import of those purported events.  McCloskey appear to combine various legal theories in a single claim.  Simply put, after reading five versions of McCloskey's complaint, we are no closer to figuring out exactly what his claims are, what facts they are based on, and whether any legal theories (assuming the facts are true) might provide relief.  There was, therefore, no way that any reasonable defendant could be expected to read the complaint, identify potential defenses, or respond.

Further, his is not a case where a lack of uncertainty can be cured by modern discovery procedures.  (See, e.g., *Chen v. Berenjian* (2019) 33 Cal.App.5th 811, 822 ["A demurrer for uncertainty should be overruled when the facts as to which the complaint is uncertain are presumptively within the defendant's knowledge"].)  Whether read as a whole or in each complaint's component parts, all of McCloskey's complaints, including the fourth amended, lack the minimum requisite certainty to move past the pleading stage.  The demurrer was properly sustained.

*The Third Amended Complaint*

McCloskey also argues the trial court should not have sustained the demurrer to his third amended complaint.  We cannot consider this issue because he elected to amend his complaint.  (*Singhania v. Uttarwar* (2006) 136 Ca1.App.4th 416, 425.)  But were we to consider this issue, we would find the trial court properly sustained the demurrer to the third amended complaint for the same reasons as the fourth amended complaint, and would affirm that ruling on the same ground – the fatal lack of certainty.

*Judicial Bias*

McCloskey claims the trial judge "was biased and unfit for his position proving by his actions he should be removed from his position and his rulings should be reversed!" He claims, without record references, that the judge lied under oath, raised his voice, "scared" his staff into refusing to testify against the judge, and, while laughing with defense counsel, asked McCloskey to admit he was a pedophile. McCloskey avers that the judge lied under oath in a declaration in the context of a motion for recusal,[2] and "had the delusional fantasy in his court room [*sic*] that the plaintiff was telling him he was a pedophile and told the cops that too, cops the judge didn't want seen [*sic*] sued individually! [The trial judge] never let go of his delusional fantasy from then on, possibly drug induced." He also claims the judge's rulings were based on lies and delusional fantasies.

Further, McCloskey claims the trial judge "tried to take advantage" of him because of his self-represented status, engaged in "illegal meetings" with defense counsel, allowed defense counsel to "flash his phone" to the judge and his staff improperly communicating something and "made disparaging and discourteous remarks and gestures and looks about [him]," and did not rule on matters before the court for "so long." Again, none of these alleged incidents include citations to the record. There are more allegations (the list of the trial judge's misdeeds numbers at well over 30, including the purported "lies and delusions") but most are duplicative of those already set forth, and again, none are supported by relevant record citations. A number of these statements are

---

[2] McCloskey may be requesting that we review the order denying his motion to recuse the trial judge, but it is not an appealable order; it may only be reviewed by way of a petition for writ of mandate. (§ 170.3, subd. (d); *Daniel V. v. Superior Court* (2006) 139 Cal.App.4th 28, 39.)

allegations about the actions and motivations of the judge[3] and opposing counsel.[4] Because those statements are not supported by the record, we do not repeat them here.

Judicial "'bias and prejudice must clearly be established by an *objective standard.*' [Citations.] 'Judges, like all human beings, have widely varying experiences and backgrounds. Except perhaps in extreme circumstances, those not directly related to the case or the parties do not disqualify them.'" (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 389, italics added.) "'The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather is a "well-informed, thoughtful observer."' [Citations.] '[T]he partisan litigant emotionally involved in the controversy underlying the lawsuit is not the *disinterested objective observer* whose doubts concerning the judge's impartiality provide the governing standard.'" (*Ibid.*)

McCloskey has both obviously and spectacularly failed to come anywhere close to meeting this standard. His accusations lack record citations supporting bias, and, therefore, any evidence whatsoever. There are no hearing transcripts at all included in the record, and therefore no evidence that anything improper, untoward, or otherwise even mildly objectionable took place. Further, nothing in any of the judge's orders reveals bias or prejudice; indeed, the record reflects a patient judge who gave a self-represented litigant multiple opportunities to amend a clearly deficient complaint.

Judicial bias is a serious matter. To make such accusations without the slightest scintilla of evidence to support them is a grievous misuse of the judicial system, and we wholeheartedly reject the attempt to do so.

---

[3] McCloskey also alleges that a purported personal characteristic of the judge prejudiced him. This allegation is simply beyond the pale and not worthy of serious consideration. (See *Rebmann v. Rohde* (2011) 196 Cal.App.4th 1283, 1293.)

[4] We have also reviewed McCloskey's allegations of "defense attorney misconduct." None of his claims against defense counsel are grounds for reversal on appeal, nor does this court consider whether, as McCloskey claims, counsel should be disbarred. We note, again, that McCloskey provides no evidence of his claims against counsel.

*Leave to Amend*

As the trial court noted, McCloskey had multiple chances to plead a cognizable complaint. His fourth amended complaint was 50 pages. His proposed fifth amended complaint was actually longer, at 67 pages, and it continues to demonstrate the minimal lack of clarity required to proceed. In both the trial court and in this court, he has not made any factual showing that he can succeed in amending his complaint other than his baldfaced statements claiming that he can. Given the history of this case, McCloskey's unsupported arguments on appeal, and the state of the fourth amended complaint and proposed fifth amended complaint, we find no reasonable probability that he could amend to state a valid cause of action. Therefore, the trial court did not abuse its discretion by declining to grant further leave to amend.

## III

## DISPOSITION

The judgment is affirmed. In the interests of justice, each side shall bear its own costs on appeal.

MOORE, ACTING P. J.

WE CONCUR:

IKOLA, J.

THOMPSON, J.

11