Filed 1/13/21  McCloskey v. City of Anaheim CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MICHAEL L. McCLOSKEY,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>CITY OF ANAHEIM et al.,<br><br>    Defendants and Respondents. | G058661<br><br>(Super. Ct. No. 30-2018-01020423)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gregory H. Lewis, Judge.  Affirmed.

Michael L. McCloskey, in pro. per., for Plaintiff and Appellant.

Robert Fabela, City Attorney, and Jesse Jacobs, Deputy City Attorney, for Defendants and Respondents.

\*          \*          \*

This appeal by plaintiff Michael L. McCloskey follows a judgment of dismissal after the trial court sustained the demurrer of defendants the City of Anaheim, Jarret Young, Allan Roman, Ron Light, and Sarah Shirvany (collectively defendants) to McCloskey's fourth amended complaint without further leave to amend. The fourth amended complaint purported to allege nine causes of action over 516 paragraphs and was 176 pages long. Defendants argue that McCloskey, a self-represented litigant, failed to meet basic standards for a cognizable pleading despite having multiple attempts to do so. They argue he "filed a series of rambling complaints that, even apart from their bizarre claims, were unintelligible, failed to state viable causes of action and lacked the requisite particularity." After a thorough review of the voluminous record, we must concur, and contrary to McCloskey's claims, we do not agree that he should have been given yet another opportunity to amend. Accordingly, we affirm the judgment.

I

FACTS

*Underlying Facts*

According to McCloskey, he "went to the Disneyland resort on many occasions that lasted many hours using his prepaid year long pass never doing anything wrong when the defendants, in the plaintiff's opinion, dirty cops, in exchange for having sex with whores, started targeting the appellant to receive what some whores paid them to do and that was some intimidation, defamation and civil rights violations. When the cops' whores saw the plaintiff coming back to the Disneyland resort, these dirty cops with loose controls on them were then getting more cops to join in on their conspiracy to harm the defendant, who all had their own reasons, for he has to leave the city of Anaheim for no one would hire him or want to be around him."

McCloskey goes on to state that when he went to the police for help, he received "the exact same treatment the dirty cops at the Disneyland resort were doing to

him again as in one union of police workers joining in one conspiracy to hurt the plaintiff. And as time passed, the cops' dirty torts on the plaintiff got worse and worse."

McCloskey contends matters became worse when he went to court as a self-represented litigant because "a dirty judge . . . and a dirty defense lawyer tried taking advantage of it. Once the defense lawyer saw the dirty judge get away with perjuring himself in his declarations, he did the same too and even much worse!"

This is as much of a statement of facts as McCloskey provides in his opening brief, citing only to the entire third amended complaint, which is approximately 75 pages long. This failure to cite to the record with specificity is improper. "Rule [8.204(a)(1)(C)] of the California Rules of Court provides in relevant part that all appellate briefs *must* 'support any reference to a matter in the record by a citation to the record.'" (*Nwosu v. Uba* (2004)122 Cal.App.4th 1229, 1246.) "The appellate court is not required to search the record on its own seeking error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.) His self-represented status does not relieve him of this responsibility. (*Nwosu*, at pp. 1246-1247.)

McCloskey's failure to provide record citations constitutes grounds to deem all of his arguments waived. If "'a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived.'" (*Nwosu v. Uba*, *supra*, 122 Cal.App.4th at p. 1246.)

In the interests of justice, we will address McCloskey's contentions on the merits as far as we are able to do so. To the extent, however, that he states facts in his briefs that we are unable to readily locate in the record, particularly any version of his lengthy complaints, we disregard those facts.

*Procedural History*

McCloskey's original complaint, filed in September 2018, was 809 pages. The rambling nature of the complaint left the facts alleged unclear, but it seemed to have

something to do with an elaborate conspiracy between the Anaheim Police Department and Disney employees involving sexual activity. Defendants demurred, arguing uncertainty, lack of particularity, and failure to state a cause of action. Prior to the hearing, McCloskey filed an amended complaint, which was even longer, clocking in at 1,196 pages. Unfortunately, it was no more clear or certain than the original complaint. Following a meet and confer, the parties stipulated to allow McCloskey to amend. At a case management hearing, the court entered the stipulation and granted McCloskey leave to file a second amended complaint.

The second amended complaint was an improvement as far as length, reducing the complaint to 216 pages. But the language and nature of the allegations had not improved. The very first paragraph of the first cause of action stated: "The facts are every time I went to the Anaheim police department on Harbor Blvd. it seemed the bad action around me increased and intensified. I am not saying all of this action happened every time I went, but my visits to the Anaheim police department were very similar in many respects. There was at least one civil rights violation and one instance of a city of Anaheim employee intimidated me and so on. My problems with the city of Anaheim's police department have gotten bigger and bigger every time they come up empty with evidence against me that would show I am a bad person." Matters, unfortunately, did not improve much from there.

Following a meet and confer, the parties filed a stipulation to permit McCloskey to file a third amended complaint in lieu of a demurrer. McCloskey admitted in the stipulation that the deficiencies were such that the second amended complaint "would not survive a demurrer and motion to strike." The trial court issued an order permitting McCloskey to amend once again.

The third amended complaint, however, only made matters worse; it was 365 pages and purported to include 16 causes of action. The allegations were no clearer than in previous versions of the complaint. After an unsuccessful attempt to meet and

4

confer, defendants filed a demurrer, arguing uncertainty, failure to state a cause of action, and lack of particularity. After briefing, the trial court issued an order sustaining the demurrer with leave to amend. The court sustained the demurrer because the complaint lacked the particularity required when suing a government entity.

McCloskey's fourth and final amended complaint was 176 pages. While including some dates and times where alleged intentional torts occurred, it was no more particular about exactly what facts had purportedly taken place. For example: "The plaintiff usually jogged up to the police station walking the last part that took about forty five minutes. The Plaintiff went up W Broadway to Harbor Blvd and then made a right at Harbor Blvd. and then went about an eighth of a mile to the police station. On these thirty two trips the plaintiff ran into police personnel in helicopters, in police cars and their own private vehicles doing misconduct to him that the plaintiff would like to mark as police personnel John and Jane Does numbers 1 through 50. The plaintiff also took this route home going down Harbor Blvd. an eighth of a mile and then making a left on W Broadway or sometimes went home walking a little ways on Harbor Blvd. to W Santa Ana Street that is right next to the police building and made a right on to W Santa Ana Street and took that street home where police personnel jumped into their cars and trucks and followed the plaintiff home a while doing misconduct on the plaintiff that harmed him."

McCloskey, in short, included more particulars about irrelevant facts, but continued to omit facts that were actually pertinent to stating a cause of action. At other points, he includes a laundry list of allegedly false statements made by one of 228 unnamed and approximately a dozen named officers, but does not list which officer allegedly made which statement. After another unsuccessful meet and confer attempt, defendants filed a demurrer on the same grounds as their previous demurrer. After briefing and a hearing, the trial court issued an order sustaining the demurrer without further leave to amend.

The court noted the 176-page fourth amended complaint still fell short of pleading requirements. "It falls short of pleading variable [*sic*] causes of action. As to uncertainty which is Civil Code Procedure 430.10(f), authorizes a demur[rer] when quote, 'the pleading is uncertain as used in the subdivision, uncertain includes ambiguous and unintelligible.' [¶] Despite the four amendments, the pleading is still so uncertain. It is incomprehensible. So that the defendant cannot reasonably respond." Further, because the case was against a government entity, McCloskey was required to allege causes of action based on statutory liability, which he had failed to do with particularity. The court stated at that juncture, McCloskey had failed to demonstrate he was capable of curing the complaint's deficiencies, and accordingly, sustained the demurrer without leave to amend. The court subsequently issued judgment for defendants. McCloskey now appeals.

II

DISCUSSION

*Standard of Review*

We review an order sustaining a demurrer de novo. (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052.) "In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. We also consider matters which may be judicially noticed." (*McBride v. Boughton* (2004) 123 Cal.App.4th 379, 384-385.) "In order to prevail on appeal from an order sustaining a demurrer, the appellant must affirmatively demonstrate error. Specifically, the appellant must show that the facts pleaded are sufficient to establish every element of a cause of action and overcome all legal grounds on which the trial court sustained the demurrer. [Citation.] We will affirm the ruling if there is any ground on which the demurrer could have been properly

6

sustained." (*Intengan v. BAC Home Loans Servicing LP*, *supra,* 214 Cal.App.4th at p. 1052.)

"If a complaint does not state a cause of action, but there is a reasonable possibility that the defect can be cured by amendment, leave to amend must be granted." (*Quelimane Co. v. Steward Title Guaranty Co.* (1998) 19 Cal.4th 26, 39.) In reviewing the trial court's denial of the plaintiff's request for leave to amend, we apply the more deferential abuse of discretion standard. (*Canton Poultry & Deli, Inc. v. Stockwell, Harris, Widom & Woolverton* (2003) 109 Cal.App.4th 1219, 1225-1226.)

*Relevant Legal Principles*

Complaints must generally include "[a] statement of the facts constituting the action, in ordinary and concise language." (Code Civ. Proc., § 425.10, subd. (a)(1).)[1] Section 430.10 permits a defendant to demur when the complaint "is uncertain." As used in this context, "'uncertain' includes ambiguous and unintelligible." (§ 430.10., subd. (f).)

"'[T]o withstand a demurrer, a complaint must allege ultimate facts, not evidentiary facts or conclusions of law.' [Citation.] However, '"[t]he fact that a party has alleged more than is required to justify his right does not obligate him to prove more than is essential, and the unnecessary allegations will be treated as surplusage unless the opposing party would be prejudiced."' [Citation.] At some point, of course, there is a remedy for undue prolixity: a demurrer for uncertainty. [Citation.] But 'demurrers for uncertainty are disfavored, and are granted only if the pleading is so incomprehensible that a defendant cannot reasonably respond.'" *(Mahan v. Charles W. Chan Ins. Agency, Inc.* (2017) 14 Cal.App.5th 841, 848, fn. 3.)

---

[1] Subsequent statutory references are to the Code of Civil Procedure.

*The Fourth Amended Complaint*

McCloskey argues the trial court erred by sustaining the demurrer to the fourth amended complaint, referring us to some boilerplate paragraphs about pleadings and simply stating, without any analysis, that his complaint met the applicable standards. While the lack of analysis alone would be sufficient to deem the issue waived and uphold the trial court's ruling (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Fundamental Investment etc. Realty Fund v. Gradow* (1994) 28 Cal.App.4th 966, 971), McCloskey is also wrong on the merits.

The fourth amended complaint, like every complaint McCloskey filed, was fatally unclear as to what he was alleging. This lack of clarity was compounded by its sheer length at 176 pages and 516 paragraphs. The complaint, as far as we can tell, had no principle around which it was organized – not chronological or anything else. It was simply as a jumble of unclear allegations. And by "unclear" we mean both to what he actually alleged happened and the legal import of those purported events. The legal theories McCloskey claims each section identifies are duplicative for no reason we can identify, and yet also appear to combine various theories in a single claim. Simply put, after reading five versions of McCloskey's complaint, we are no closer to figuring out exactly what his claims are, what facts they are based on, and whether any legal theories (assuming the facts are true) might provide relief. There was, therefore, no way any reasonable defendant could be expected to read the complaint, identify potential defenses, or respond.

Defendants correctly point out other problems, including the lack of civil causes of action for many of the theories McCloskey alleges, including bribery and evidence tampering. Others, such as civil harassment, are limited to injunctive relief. They point out that McCloskey alleges defamatory statements made without specific attribution. Even the complaint itself admits that some of the alleged "slander was

8

communicated through their gestures and facial expressions and miming without saying a word."

But even without those issues, this is not a case where a lack of uncertainty can be cured by modern discovery procedures.  (See, e.g., *Chen v. Berenjian* (2019) 33 Cal.App.5th 811, 822 ["A demurrer for uncertainty should be overruled when the facts as to which the complaint is uncertain are presumptively within the defendant's knowledge"].)  Whether read as a whole or in each complaint's component parts, all of McCloskey's complaints, including the fourth amended, lack the minimum requisite certainty to move past the pleading stage.  The demurrer was properly sustained.

*The Third Amended Complaint*

McCloskey also argues the trial court should not have sustained the demurrer to his third amended complaint.  We cannot consider this issue because he elected to amend his complaint.  (*Singhania v. Uttarwar* (2006) 136 Ca1.App.4th 416, 425.)  But were we to consider this issue, we would find the trial court properly sustained the demurrer to the third amended complaint for the same reasons as the fourth amended complaint, and would affirm that ruling on the same ground – the fatal lack of certainty.

*Judicial Bias*

McCloskey claims the trial judge "was biased and unfit completing so much misconduct all his orders should be reversed and he should be removed from his job!  This cause[d] prejudice to [McCloskey]. . . ."  He claims, all without record references, that the judge lied under oath, raised his voice, "scared" his staff into refusing to testify against the judge, and, while laughing with defense counsel, asked McCloskey to admit he was a pedophile.  McCloskey avers that the judge lied under oath in a

declaration in the context of a motion for recusal,[2] and "had the delusional fantasy in his court room [*sic*] that the plaintiff was telling him he was a pedophile and told the cops that too, cops the judge didn't want seen sued individually!  [The trial judge] never let go of his delusional fantasy from then on, possibly drug induced."  He also claims the judge's rulings were based on "lies and delusional fantasies."

Further, McCloskey claims the trial judge "tried to take advantage" of him because of his self-represented status, engaged in "illegal communications" with defense counsel, allowed defense counsel to "flash his phone to the judge and his staff improperly communicating something" and "made disparaging and discourteous remarks and gestures and looks about [him]," and did not rule on matters before the court "for a long time."  Again, none of these alleged incidents include citations to the record.  There are more allegations (the list of the trial judge's misdeeds numbers at well over 30, including the purported lies and delusions) but most are duplicative of those already set forth, and again, none are supported by relevant record citations.  A number of these statements are allegations about the actions and motivations of the judge[3] and opposing counsel.[4] Because those statements are not supported by the record, we do not repeat them here.

---

[2] McCloskey may be requesting that we review the order denying his motion to recuse the trial judge, but it is not an appealable order; it may only be reviewed by way of a petition for writ of mandate.  (§ 170.3, subd. (d); *Daniel V. v. Superior Court* (2006) 139 Cal.App.4th 28, 39.)

[3] McCloskey also alleges that a purported personal characteristic of the judge prejudiced him.  This allegation is simply beyond the pale and not worthy of serious consideration. (See *Rebmann v. Rohde* (2011) 196 Cal.App.4th 1283, 1293.)

[4] We have also reviewed McCloskey's allegations of "defense lawyer misconduct." None of his claims against defense counsel are grounds for reversal on appeal, nor does this court consider whether, as McCloskey claims, counsel should be disbarred.  We note, again, that McCloskey provides no evidence of his claims against counsel.

Judicial "'bias and prejudice must clearly be established by an *objective standard.*' [Citations.] 'Judges, like all human beings, have widely varying experiences and backgrounds. Except perhaps in extreme circumstances, those not directly related to the case or the parties do not disqualify them.'" (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 389, italics added.) "'The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather is a "well-informed, thoughtful observer."' [Citations.] '[T]he partisan litigant emotionally involved in the controversy underlying the lawsuit is not the *disinterested objective observer* whose doubts concerning the judge's impartiality provide the governing standard.'" (*Ibid*.)

McCloskey has both obviously and spectacularly failed to come anywhere close to meeting this standard. His accusations lack record citations, and, therefore, any evidence whatsoever. The sole reporter's transcript which McCloskey included in the record is a total of 17 pages from the final hearing on the demurrer to the fourth amended complaint. It reveals no improper, untoward, or otherwise even mildly objectionable conduct by the judge. Further, nothing in any of the judge's orders reveals bias or prejudice; indeed, the record reflects a patient judge who gave a self-represented litigant multiple opportunities to amend a clearly deficient complaint. After giving McCloskey the chance to be heard, the judge gave a detailed procedural history of the case and explained his ruling sustaining the demurrer without further leave with citations to authority. The court then allowed McCloskey to be heard further. The court thanked McCloskey for his time and demonstrated courtesy throughout. In short, nothing at all supports McCloskey's claims of bias.

Judicial bias is a serious matter. To make such accusations without the slightest scintilla of evidence to support them is a grievous misuse of the judicial system, and we wholeheartedly reject the attempt to do so.

11

*Leave to Amend*

As the trial court noted, McCloskey had multiple chances to plead a cognizable complaint that meets the requirements for suing a government entity. His fourth amended complaint was 176 pages, and both in the trial court and in this court, he has not made any factual showing that he can succeed other than his statements claiming that he can. Given the history of this case, McCloskey's unsupported arguments on appeal, and the state of the fourth amended complaint, we find no reasonable probability that he could amend his complaint to state a valid cause of action. Therefore, the trial court did not abuse its discretion by declining to grant further leave to amend.

III

DISPOSITION

The judgment is affirmed. In the interests of justice, each side shall bear its own costs on appeal.

MOORE, ACTING P. J.

WE CONCUR:

IKOLA, J.

THOMPSON, J.

12